# The State *ex rel.* Smith *v.* Pitts, Judge, &c.

## *Petition for Mandamus.*

1. *Adjudgment by judge of his own incompetency, not conclusive; mandamus.*—The adjudgment by a judge of his own incompetency to hear and determine a cause, and the entry of this conclusion on the records of his court, is not conclusive of the inquiry of incompetency *vel non;* and if his adjudgment is erroneous he can be compelled to the contrary by *mandamus.*

2. *Probate judge; incompetency in proceeding of inquisition of lunacy; mandamus.*—After instituting proceedings of inquisition of lunacy before a probate judge, the petitioner then filed a petition for recusation of said judge, in which it was averred that the judge was disqualified to preside in the proceedings of inquisition, upon the ground that he was interested in the result of such proceedings by reason of having bought property from the alleged lunatic several years before the institution of the said proceedings, which he sold to his wife, and that his wife was related to the alleged lunatic by consanguinity within the fifth degree, and further averred that the probate judge was a material witness for the petitioner in the inquisition proceedings. It was not averred in

[The State *ex rel*. Smith v. Pitts, Judge, etc.]

the petition that the alleged mental unsoundness of the subject of the inquisition existed at the time the probate judge purchased said property. *Held*: That upon such facts, the judge was not incompetent to preside in the inquisition proceedings, and that the petition for *mandamus* to compel him to so certify, was subject to demurrer and dismissal.

APPEAL from the City Court of Selma.

Tried before the Hon. JOHN W. MABRY.

The appeal in this case is prosecuted from a judgment of the city court of Selma sustaining demurrers to a petition for *mandamus*, filed by the State on the relation of Oscar E. Smith, in which he seeks to have P. H. Pitts, as Probate Judge of Dallas county, compelled to certify his incompetency to preside in a proceeding of inquisition of lunacy.

The facts of the case are sufficiently stated in the opinion.

MALLORY & MALLORY and W. W QUARLES, for appellant.—*Mandamus* was the proper remedy to require the said P. H. Pitts as probate judge of Dallas county to certify his incompetency to preside and act as judge in the said proceedings in the probate court, if in fact he was disqualified.—Code of Ala. (1896), § 3381; *Crook, Judge & Co. v. Newborg & Son*, 124 Ala. 484; *Ex parte Bar Assoc*. 92 Ala. 113; *State ex rel. Cranch v. Castleberry*, 23 Ala. 85; *Graham v. People*, 111 Illinois, 253.

It is not required for his disqualification that he shall have a pecuniary interest to be affected by the judgment in said lunacy proceedings; nor that he should have any interest to be affected by any possible termination of the same, if he has such a personal interest in the questions involved therein, as will bias him in favor of one of the parties.—*Medlin v. Taylor*, 101 Ala. 241; *Pegues v. Baker*, 110 Ala. 253.

The judge of the probate court of Dallas county was incompetent to proceed in the inquisition proceedings. *Crook v. Newborg*, 124 Ala. 479; 12 Amer. & Eng. Encyc. of Law, 41, notes 3, 4; *Medlin v. Taylor*, 101 Ala. 239; *Gill v. State*, 61 Ala. 169; *Jacques v. Com*. 10 Gratt. 690; *Dearmand v. Dearmand*, 10 Ind. 191; *Com. v. Brown*,

9 Am. St. Rep. 755; *Pegues v. Baker,* 110 Ala. 251; *Moses v. Julian,* 84 Amer. Dec. 114; *Claunch v. Castleberry,* 23 Ala. 89; *Galloway v. Hendon,* 131 Ala. 280; *Wilkinson v. Wilkinson,* 129 Ala. 279; *Dougherty v. Powe,* 127 Ala. 577, and authorities; *Riley v. Carter,* 76 Md. 581.

J. R. SATTERFIELD and A. L. McLEOD, *contra.—Mandamus* was not the proper remedy.—*Ex parte Slaton,* 25 Ala. 72; *Ex parte S. & N. Ala. R. R. Co.,* 65 Ala. 600; *State v. Williams,* 69 Ala. 316; *Wilson v. Duncan,* 114 Ala. 672; *People v. McRoberts,* 110 Ill. 458. .

The interest of the probate judge. in the result of the inquisition proceedings as disclosed in the petition, was not sufficient to render him incompetent.—*Ellis v. Smith* 42 Ala. 352; *Ex parte State Bar Asso.,* 92 Ala. 118; *Medlin v. Taylor,* 101 Ala. 241; *Gill v. State,* 61 Ala. 169.

SHARPE, J.—Looking to the appointment of a guardian for Susan P. Smith, Oscar E. Smith, proceeding under the provisions of Article 2, Chapter 27 of the Code, filed in the probate court on September 25, 1903, a petition alleging that said Susan P. Smith was of unsound mind and the owner of property requiring the care of a guardian, and praying for proceeding to determine whether the mental unsoundness existed. Accompanying this petition was another alleging that the probate judge was incompetent to act as judge in the proceedings commenced by the first mentioned petition, and to the end that a special judge might be appointed as provided in section 3381 of the Code, the petitioner asked that the judge certify his incompetency to the register in chancery. In the petition for requisition the facts averred as disqualifying the judge were that he was interested in the result of the proceedings for the appointment of a guardian, in that he had in December, 1900, bought from Susan P. Smith a lot for thirty-five hundred dollars which he afterwards conveyed to his wife by a deed containing the statutory warranty, for sixty-five hundred dollars, and which was being resided upon by himself and family; also that the judge was a material

witness for the petitioner having knowledge of facts tending to establish the mental unsoundness of Susan P. Smith, and also that the judge's wife was related to Susan P. Smith by consanguinity within the fifth degree. The judge refused to certify that he was incompetent, and thereupon Oscar E. Smith filed in the city court of Selma a petition, for *mandamus* to compel such certification. This petition set forth the facts above stated and in addition alleged that when the probate judge purchased the lot referred to "he was informed that the said Susan P. Smith was of unsound mind," and that by reason of the facts alleged and of the proceedings of inquisition a cloud has been cast upon the title to the lot held by the judge's wife. The city court sustained a demurrer to the petition for *mandamus,* and dismissed the same by a judgment from which this appeal was taken.

"No judge of any court, chancellor, county commissioner or justice must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity." These among other causes of disqualification are specified in the statute.—Code, § 2637. Upon the judge before whom the proceeding is brought is devolved the necessity of determining in the first instance his own attitude, and this he must do with regard to the duty which rests upon him both to sit when competent and to be recused when he is incompetent. This, when the facts do not clearly place him in either category, may present to the judge a delicate and difficult question, but in solving it he is without discretion, and his action, if erroneous, is subject to be controlled by *mandamus.—Medlin v. Taylor,* 101 Ala. 239; *Crook v. Newborg,* 124 Ala. 479; *Cranch v. Castleberry* 23 Ala. 85; *Ex parte State Bar Association,* 92 Ala. 113.

The statute which disqualifies for interest is to an extent declaratory of a common law doctrine, the policy of which is well understood. That no man ought to be judge in his own case has been said to be a maxim aimed at the most dangerous source of partiality in a judge. *Moses v. Julian,* 45 N. H. 51. The principle embodied in this maxim is not restricted by the statute on the subject.

[The State *ex rel.* Smith v. Pitts, Judge, etc.]

It extends beyond cases to which the judge is a party, beyond those in which he has a pecuniary interest to be affected directly by the judgment, and disqualifies in cases between others which so involve extraneous interest of the judge as to be naturally calculated to pervert his judgment.—*Medlin v. Taylor, supra; Davis v. Allen,* 11 Pick. 466; *Meyer v. San Diego,* 121 Cal. 102; 66 Am. Rep. 22; 41 L. R. A. 762. In *Moses v. Julian, supra,* it was further correctly said: "Where the judge has a law suit pending or impending with another person, which rests upon a like state of facts or upon the same points of law as that pending before him, this is a valid disqualification." In line with this a probate judge was in *Medlin v. Taylor, supra,* held incompetent to try a contest between other persons over the office of tax collector filled at a general election, on the ground that the judge's right to office was derived from the same general election and was being contested in another form for reasons similar to those assigned for the contest of the collectorship.

These authorities we refer to in recognition of principles asserted in behalf of petitioner, but the petition for *mandamus* does not disclose facts sufficient to bring the present case within those principles. It does not state as a fact that the alleged mental unsoundness of Susan P. Smith existed when she sold the lot, nor will the proposed inquisition determine what her mental status was at that time. In the petition may be discerned the possibility of a suit by guardian, if appointed, to test the validity of that sale for such mental unsoundness, and also a possibility that relevant evidence of insanity existing at the date of the sale, such as could cast suspicion upon its validity, may be offered and be subject to rulings of the probate judge on the inquisition, but such possibilities are, for all that is shown in the petition, too remote to create in him any present and disqualifying interest in the proceedings in question. The fact that the judge could testify to facts material to the petitioner is not cause for his recusation. The statute by defining the disqualifying degree of relationship to parties, impliedly

excludes degrees more distant than the fourth from operating to disqualify.

We conclude that the judgment appealed from should be affirmed.