# Reeves *v.* State, *ex rel.* Carlisle.

## *Mandamus.*

(DECIDED APRIL 18, 1906, 41 So. REP. 927.)

1. *Mandamus; Execution After Return Day.*—Where writs of possesion have become *functus officii* from lapse of time, mandamus will not issue to compel the sheriff to execute them; nor will mandamus lie to compel the execution of writs not yet in the sheriff's hands.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Mandamus by the State on the relation of Carlisle against Reeves, sheriff, to compel him to put Carlisle in possession of certain lands under a writ of possession after the return day thereof, or under a writ of possession to be afterwards issued. The facts sufficiently appear in the opinion of the court. From an order granting the prayer of the petition, Reeves appeals.

FOSTER, SAMFORD & CARROLL and J. M. CHILTON, for appellant.—The writ of execution and possession being

[Reeves v. State, *ex. rel.* Carlisle.]

returnable to the succeeding term of the court became after March 6th, 1905, functus, and even if the sheriff had not returned it, he would have been powerless to execute it, so the issuance of the writ would have been nugatory.—*Ex parte Tillman*, 93 Ala. 101. . Any. attempted execution of it after the return day would have been void.—*Shapard v. Rhea*, 49 Ala. 125 ; *Smith v. Mundy*, 18 Ala. 182 ; *Morgan v. Ramsey*, 15 Ala. 190. Nor could the sheriff amend his return without leave of the court and not then as to subsequently occurring facts. —*Bibb v. Collins*, 51 Ala. 550. Mandamus will not lie to enforce a duty subsequently arising. On every phase of the case, the court was powerless to issue the writ and a judgment should here be rendered reversing and rendering the same.—*Street v. Slade*, 77 Ala. 576.

M. N. CARLISLE, for appellee.—Mandamus is the remedy to compel a sheriff to execute a writ of possession.— *Ex parte Grand*, 53 Ala. 16 ; *Moses on Mandamus*, p. 59 ; Freeman on Executions, (4th Ed.) 472.

DENSON, J.—This is a mandamus proceeding commenced in the circuit court of Pike county, on the relation of M. N. Carlisle, against S. M. Reeves, sheriff of Pike county. The purpose of the proceeding is to compel the sheriff to execute a writ of possession which was issued on the 31st day of December,1904, and placed in the sheriff's hands on the same day, by putting relator in possession of the lands described in said writ. The petition was filed January 14, 1905. The rule *nisi* appears to have been issued on the 14th day of January, 1905, requiring the sheriff to answer at the nex term of the court, which was held on the first Monday in March, 1905. The prayer of the petition is to the effect that the defendant be required to show cause at the next term of the court why the peremptory writ of mandamus should not issue, commanding him to fully execute said writ of possession. On the 14th day of February, 1905, the relator filed a motion in which he prayed the court for an order requiring the sheriff to execute the writ of possession issued on the 31st day of December, 1904, by putting

petitioner or movant in possession, or that he show cause
why such writ should not be executed. No notice ap-
pears to have been taken by the court of this motion. On
the 2d day of the March term, 1905, on motion of the de-
fendant, the rule *nisi* or temporary writ of mandamus
was quashed, and the clerk was ordered by the court "to
issue a proper writ in accordance with the order made
by the judge in vacation." The order of the judge re-
ferred to was the order indorsed by the judge on the
application for the mandamus. On the 13th day of
March, 1905, the clerk issued a notice to the defendant,
in which are set out the averments of the original ap-
plication for the mandamus, with the additional aver-
ments that the sheriff had on the 2nd day of March,
1905, returned the writ of possession of December 31,
1904, with the endorsement thereon as follows: "Return-
ed on this day, for that I failed to find defendant in pos-
session of the land and failed to find any one in posses-
sion liable to be dispossessed under this writ and return-
ed no property found as to the execution for costs." In
the paper or notice is also contained the following state-
ment: "That another writ of possession was issued on
said judgment on the 13th day of March, 1905, and is
now in the hands of said sheriff, which said sheriff now
fails and refuses to execute, and which said Carlisle
asks that the sheriff be commanded to execute, under
the prayer of said petition and the order of the court in
this case." Then follows the command or rule *nisi* as
follows: "You, S. M. Reeves, sheriff of Pike county, are
hereby commanded to execute forthwith the writ of pos-
session now in your hands, issued from the circuit court
of said county in the case of M. N. Carlisle v. Annie B.
Hays, on the 13th day of March, 1905, by putting the
said M. N. Carlisle into possession of the land described
in said writ according to the mandate of said writ, un-
less you see fit to appear at the next term of the circuit
court of Pike county and show cause why a peremptory
writ of mandamus should not issue," etc. The sheriff
on the 14th day of March, 1905, accepted service of the
notice and waived a copy. At the September term, 1905,
the defendant answered the alternative writ, and on the

hearing on the evidence during that term the court rendered judgment against the defendant, and adjudged that, upon the issuing of a pluries writ of possession in the case of *M. N. Carlisle v. Annie B. Hays,* the clerk of the court should issue a peremptory writ of mandamus commanding the defendant, as sheriff, to forthwith execute said writ of possession according to the mandate thereof by putting said Carlisle into the possession of all the land described in said writ of possession.

If it be conceded that mandamus is the appropriate remedy, and may be resorted to, to compel the execution of a writ of possession, which question we do not decide, yet the judgment in this case was improperly rendered. It must be noticed that at the time the judgment awarding the mandamus was rendered the return day of the writs issued December 31, 1904, and March 13, 1905, had expired. They were *functus officio.* These writs are the only ones referred to in the application for mandamus, and the only one on which the dereliction of the sheriff is predicated, and with respect of which relief is prayed. It is too clear for argumentation that the court was without authority at the September term, 1905, to award a peremptory writ of mandamus to the sheriff, commanding him to put the plaintiff in possession under writs that were *functus.* To render such judgment would be to command the sheriff to do an unlawful act. Mandamus will never lie to compel an officer to do an act which, without its command, it would not be lawful for him to do.—Moses on Mandamus, p. 58; *State v. Judge,* 15 Ala. 740; *Norwood v. Clem,* (June 1, 1904) 41 South.—and authorities there cited; *Johnson v. Lucas,* 11 Hum. (Tenn.) 306. But the court went a bowshot further than was contemplated by the petition or authorized by the evidence in the case, in its adjudication that upon the issuance of a pluries writ of possession in the case of *Carlisle v. Hays* the clerk of the court should issue a peremptory writ of mandamus commanding the sheriff to forthwith execute the writ of possession according to the mandate thereof by putting said Carlisle into the possession of all the land described in said writ of possession. It would seem that this was

forecasting the sheriff's disinclination to serve a writ that was yet to come into his hands, and awarding peremptory mandamus with respect to derelictions on the part of the sheriff that had not occurred and might never occur. We are clear in our opinion that mandamus cannot be awarded in such state of the case. Judgment will be here rendered, reversing the judgment of the circuit court and denying the mandamus.

Reversed and rendered.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.