# Fulton *v.* Longshore, Probate Judge.

## *Mandamus.*

(Decided June 3, 1908. 46 South. 989.)

*Judges; Disqualification; Grounds.*—Bias or favor in a judge, not the result of interest or relationship is presumed not to exist, and the allegations of a petition that the judge of probate, before whom an election contest for the office of sheriff was pending, belonged to the same party as one of the candidates in the contest, was an active and partisan supporter of that candidate and had expressed an opinion on election day that a voter who had been challenged was qualified to vote, does not show such a pecuniary or personal interest as will disqualify him to hear and determine the case.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

J. H. Fulton was declared elected sheriff on the returns, and Norris, the defeated candidate, filed his contest to the office before A. P. Longshore, judge of probate, of Shelby county. Thereupon, J. H. Fulton, by writ of mandamus sought to compel the judge to certify his incompetency to try and determine the cause. From a judgment denying the writ, petitioner appeals. Affirmed.

McMILLAN & HAYNES, BROWN & LEEPER, and S. B. & J. D. WEAKLEY, for appellant. The statutory disqualifications are not exclusive, and it was only necessary to inquire whether the judge has such a personal interest as may be calculated to produce bias or partiality.— *Gill v. The State,* 61 Ala. 172; *Ex parte Cornwall,* 39 South. 357; *Medlin v. Taylor,* 101 Ala. 239; Freeman on Judgments, sec. 145; *McGhees v. Baker,* 110 Ala. 251.

WHITSON & DRYER, for appellee. Before mandamus will be awarded there must be a clear legal right to the thing demanded, and it must be the imperative duty of

the respondents to perform the act required.—*Michener v. Carroll,* 135 Ala. 409; *Brickman v. Wilson,* 123 Ala. 259; *Dunklin v. Comm. Ct.,* 57 Ala. 240. No disqualifying cause is shown.—*Estes v. Bridgeport,* 114 Ala. 221; 23 Cyc. 589. In all the cases, it is held that the judge must either have a direct personal interest, pecuniary or otherwise, in the subject matter, or be related within the statutory degrees.—*Smith v. Pitts,* 139 Ala. 152; *Ellis v. Smith,* 42 Ala. 349; *Ex parte State Bar Assn.,* 92 Ala. 113 and cases there cited.

TYSON, C. J.—This proceeding was instituted for compelling the respondent thereto, by writ of mandamus, to certify his incompetency as judge of probate to hear and try a contested election case involving the title to the office of sheriff of his county. The contest over the right to the office is between the petitioner in this case, who is and was a Democrat, and one Norris, who is and was a Populist. It is shown by the petition, by the return thereto, and by the testimony that the respondent is, and was at the time of the election out of which the contest arose, a Populist. The grounds upon which it is sought to have him adjudged disqualified may be stated to be two: First, he had expressed the opinion, on the day of the election, to a proffered voter whose right to vote had been challenged, that he was qualified under the laws of the state to vote at the election; second, that he was an active and partisan supporter of the Populist candidate for sheriff, whose right to that office he is to hear and try as judge.

It is not contended that either of these asserted grounds would work a disqualification under the statute (section 2637, Civ. Code 1896); but it is insisted that they show prejudice and bias to such an extent as that the petitioner may not have a fair and impartial trial.

At the common law, as now administered in England and in the United States, bias or favor, not the result of interest or relationship, is not supposed to exist. Says Mr. Blackstone: "For the law will not suppose a possibility of bias or favor in a judge who is already sworn to adminster impartial justice and whose authority greatly depends upon that presumption and idea." In *Turner v. Com.*, 2 Metc. (Ky.) 626, the court said: "At common law there were but two objections that went to the disqualifications of a judge to try a cause, towit, interest in his own behalf in the result or being kin to others interested therein." In *Peyton's Appeal*, 12 Kan. 407, the court said: "It will be admitted that at common law prejudice did not disqualify a judge." In *Conn. v. Chadwick*, 17 Fla. 439, this language was used: "In the time of Brocton and Fleta, a judge might be refused for good cause; but at the common law, as administered in England and the United States for centuries, judges and justices could not be challenged. There were disqualifying causes, such as interest and being of kin to the party." For a general statement of this principle, though it is, perhaps, not entirely accurate, see the text in 23 Cyc. p. 582, and 17 Am. & Eng. Ency. (2d Ed.) p. 738. In the note to these works will be found many adjudged cases, where the courts have applied this principle and held the judge not disqualified on account of bias or prejudice, where no relationship or personal interest was shown, even though there existed bitter feeling and animosity between him and one of the litigants to the cause pending in his court.

No case in this state has been cited where this court has ever held to the contrary of the common law rule as announced above. In some of them it has been held—and properly so—that the disqualifyng interest need not necessarily be a pecuniary one, but may be a personal

one to the judge. An illustration of this may be found in the case of *Medlin v. Taylor,* 101 Ala. 239, 13 South. 310, where the judge was personally interested in a pending cause involving the same contestations that were being tried in *Medlin's Case.* In *Ex parte Cornwell,* 144 Ala. 497, 39 South. 354, the disqualification of the judge was placed distinctly upon the point—as it was in the *Medlin Case, supra*—of personal interest in the subject-matter of the prosecution, in that "by the alleged misconduct of the petitioner he was made to suffer a loss in property—money deposited in the bank," whose assets the petitioner was charged with embezzling. Indeed, the disqualification might well have been placed distinctly upon the point of the pecuniary interest of the judge, since, under the statute, had the prosecution terminated in a conviction, a judgment in favor of the bank could well have been rendered against the petitioner for the sum shown to have been embezzled by him.—Cr. Code 1896, § 5052. In *Ex parte State Bar Associaton,* 92 Ala. 118, 8 South. 768, is an able and exhaustive opinion, reviewing many of the authorites, upon the question of the character of interest that will disqualify a judge. It is there said: "The interest which will disqualify must be a pecuniary one, or one affecting the individual rights of the judge." In that case it was held that Judge Head was not disqualified, notwithstanding he was a member of the association (contributing to its maintenance and support) which instigated and instituted the prosecution which he was to try. That prosecution, it was held, involved no pecuniary or personal interest of the judge. Many opinions of other courts are cited, which clearly sustain the conclusion. Indeed, we regard that case, and those cited approvingly, as conclusive of the question that no pecuniary or personal

[Fulton v. Longshore, Probate Judge.]

interest is here shown which will disqualify the respondent. He can have no possible pecuniary interest in the result of the contetst over the sheriff's office, nor does the contestation in any possible way affect any of his individual or personal rights. It cannot be supposed that the interest he felt, as a party man, for the success of the Populist ticket, would influence him in the discharge of his sworn duty to try the case fairly and impartially. The law tolerates no such supposition or presumption, and therefore it can have no legal existence. Such a presumption could only be indulged upon legal grounds of disqualification. The interest which a judge may have as a citizen in a public question is not a personal one. This is fully illustrated in the cases cited and quoted from in the case last above cited.

It remains now only to dispose of the first ground above set forth, relied on for a disqualification. It was open to the trial judge, under the evidence in this case, to find that the opinion expressed by respondent was upon a statement of facts made to him which clearly showed that the voter was qualified to vote at the election, and that the opinion was expressed without knowing for whom the voter intended to cast his vote. Clearly no legal disqualification was shown here. The question of the propriety of the conduct of respondent as a citizen, in view of his judicial position, with respect to making partisan political speeches and the like, is not one for the courts, but for the electorate of his county.

Affirmed.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.