# Bryce *v.* Burke, Probate Judge.

## *Mandamus.*

(Decided May 18, 1911. Rehearing denied June 8, 1911.
55 South. 635.)

1. *Judges; Disqualifications; Election Contest.*—The facts in this case stated, and it is held that since it was the judge's duty under the statute to provide the ballots, the ground of contest attacking the judge's judicial act, rendered such judge incompetent to hear the contest.

2. *Mandamus; Alternate Writ; Rule to Show Cause.*—In mandamus, a rule to show cause is treated as the substantial equivalent of an alternate writ, and where the petition shows a prima facie right, a rule nisi may be issued.

3. *Same; Parties; Private Persons.*—Since, in this country mandamus is a civil proceeding in the nature of a supplementary remedy, and not a prerogative writ, where it is used to enforce a mere private right, and not to require the performance of a definite public duty, the proceedings need not be in the name of the state, but may be conducted in the name of the party aggrieved, who is the real party at interest.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Petition by C. W. Bryce for mandamus against R. I. Burke, Judge of Probate, requiring him to certify his incompetency to try a certain contested election. From an order denying the writ, petitioner appeals. Reversed and remanded.

The petition alleges, in effect: That the petitioner was a qualified elector of Cullman county, Ala., and was the Democratic nominee for sheriff of that county at the election held on the 8th day of November, 1910. That the votes at said election were properly canvassed, and that petitioner was declared elected sheriff of Cullman county, and was duly commissioned thereto. That C. C. Scheuing was the nominee of the Republican party in said election for the office of sheriff, and had filed a

statement of contest with the said R. I. Burke, judge of probate, seeking to contest the petitioner's election to the said office of sheriff. That within the time prescribed by law petitioner filed his answer to said contest, a copy of which was attached to the petition and made a part thereof. That, as appeared from the examination of said statement of contest, and the answers thereto, the issues therein presented involved charges of fraud, committed by the said R. I. Burke as judge of probate, in connection with said election, for the purpose of procuring the defeat of petitioner and the election of said Scheuing, which it was alleged had the effect to prevent 'any fair and free exercise of the elective franchise. That the probable and natural tendency of said charges, which were a part of the issues in said cause and material to its determination, would have a natural tendency to create bias and prejudice in the minds of said judge of probate against the petitioner in the trial of said issue, and by reason thereof he was rendered incompetent under the law to sit in judgment in the trial of said contest. Then follows a catalogue of the acts and doings of the judge of probate relative to said election, the material part of which is set out in that part of the answer copied in the opinion.

J. B. BROWN, and F. E. ST. JOHN, for appellant. Mandamus is the civil remedy which any person who has a specific right to enforce may pursue if there is no other adequate remedy.—*Goodwyn v. Sherrer*, 145 Ala. 504; *Ex parte Merritt*, 142 Ala. 116; *Leigh v. The State*, 69 Ala. 266; Moses on Mandamus, 16 and 17. The name of the state is not necessary.—*Jackson v. Mobley*, 157 Ala. 408; 26 Cyc. 404; High on Extraordinary Legal Remedies, sec. 430; *State ex rel. Almon v. Burke*, 160 Ala. 166. Every person has the legal right to have his cause tried before a judge who is le-

[Bryce v. Burke, Probate Judge.]

gally indifferent between the parties.—*Ex parte Cornwell*, 144 Ala. 499; *State v. Pitts*, 139 Ala. 154; *Medlin v. Taylor*, 101 Ala. 239; *Gill v. The State*, 61 Ala. 172. The judge in this case was disqualified.—*Fulton v. Longshore*, 156 Ala. 614; *State v. Pitts, supra; Medlin v. Taylor, supra*. Mandamus was the proper remedy to enforce this right.—*State v. Pitts, supra*.

KYLE & HUTSON, for appellee. At common law, the alternative writ is not only a process, but a pleading. —26 Cyc. 426. This is the case under the Alabama practice.—*Longshore v. Turner*, 137 Ala. 638. The relator in stating his case for an alternative writ of mandamus, should set forth the facts distinctly, and in such form that issue can be taken upon them.—*American Co. v. Tyler*, 25 Amer. St. Rep. 337; *Withers v. State*, 36 Ala. 252. The petition should show that the relator has a clear legal right to have the duty performed.—*Ex parte Huckabee*, 71 Ala. 427; *Speed v. Coke*, 57 Ala. 209; *Lake County v. State*, 4 South. Rep. 795; 13 Ency. Plead. & Prac., 677; 26 Cyc. 433. The facts must appear by direct and positive allegation, a mere recital of the facts is not sufficient.—26 Cyc. 428; *State v. Finley*, 11 South. Rep. 500. More certainty is required than in ordinary actions at law.—*Arberry v. Beavers*, 55 Amer. Dec. 791. This being the law, the allegations of fraud and collusion are insufficient for want of definiteness. The seventh ground of demurrer is shown to be good by the language of the petition. The eighth ground of demurrer is good according to the averments of the petition. The twelfth ground of demurrer is good.—26 Cyc. 443, note 33; 13 Ency. Plead. & Prac. 682. The thirteenth ground of demurrer is good.—26 Cyc. 443 and note 9; 13 Ency. Plead. & Prac. 670. The fourteenth ground of demurrer is good.—26 Cyc. 474; *Fisher v. Charleston*, 17 W. Va. 628; *Long-*

*shore v. Turner,* 137 Ala. 636. Grounds 11, 15, 16, 17 and 18 all raise the same question, and should be sustained. No interest is shown that will disqualify the judge.—26 Cyc. 582; *Fulton v. Longshore,* 156 Ala. 611; *Ex parte Cornwell,* 144 Ala. 479; *State v. Pitts,* 139 Ala. 156; *Ex parte Bar Assn.,* 92 Ala. 118; *Ellis v. Smith,* 42 Ala. 354; 54 Tex. 403; 11 L. R. A. (N. S.) 619; 15 Am. St. Rep. 638; 66 Am. St. Rep. 28; 23 Am. St. Rep. 549; 12 Am. St. Rep. 190; 79 Am. St. Rep. 189; 42 Am. St. Rep. 194; 21 South. 603. The alternate writ in this case is defective and should be quashed.— *Longshore v. Turner,* 137 Ala. 637. When pleaded in law and equity fraud must be positively averred so that the court can see that fraud has intervened.—*McDonald v. Pearson,* 114 Ala. 630; *Loucheim v. Bank,* 98 Ala. 521; *Reynolds v. Coal Co.,* 100 Ala. 296; *Bell v. Sou. Home Co.,* 140 Ala. 377; 9 Enc. P. & P., 684.

SAYRE, J.—Bryce was a candidate for the office of sheriff of Cullman county at the election held November 8, 1910, was declared to have received a majority of the votes, and received a certificate of his election. Thereafter Scheuing, who had been a rival candidate for the office, set on foot a contest before the Honorable R. I. Burke, judge of probate for said county. The contest proceeded upon various grounds. Paragraph 7 of the statement of grounds of contest was as follows:

"(7) On account of the reception of illegal votes in precinct 12 in this county, in this: That said managers or inspectors allowed or permitted about thirty (30) persons to vote illegally in said election, by permitting said persons to vote an illegal and unofficial ballot, in that the ballots so voted were written in ink or pencil, and not printed and distributed as prescribed by law; that about 20 of said illegal ballots were cast and counted for contestee, and contestant avers that if the

number of said illegal votes given to contestee, the said
C. W. Bryce, by reason of the casting and counting of
said written ballots for the said Bryce, be taken from
him, would reduce the number of legal votes given to
him below the number of legal votes given to contestant
for said office of sheriff. Contestant asks a recount of
said vote in said precinct."

Answering, the contestee averred:

"Contestee denies the averments of paragraph 7, and
alleges the truth to be that in said election the said con-
testant was a candidate for the office of sheriff, and
contestee was also a candidate for said office; that the
said R. I. Burke, whose duty it was under the law to
send a sufficient number of ballots to accommodate the
voters in the different precincts of the county, was a
candidate in said election for judge of probate, and was
opposed by one E. E. Mathews; that in said precinct
12 a majority of the votes favored contesee for sheriff,
and were in favor of E. E. Mathews for probate judge,
and the said contestant, Christopher C. Scheuing, and
the said R. I. Burke for the purpose of defeating con-
testee for said office, and for the purpose of defeating
E. E. Mathews for probate judge, formed a fraudulent
combination to prevent the free and fair exercise of the
elective franchise by the voters of said precinct, and as
a part of said scheme the said R. I. Burke as judge of
probate willfully failed or refused to supply a suffi-
cient number of printed ballots for said precinct, in
order to defeat said contestee for said office, and as a
result of said fraudulent scheme entered into as afore-
said a number of legal votes were lost to contestee at
said box, and a number of ballots had to be prepared in
writing for qualified electors who desired to vote at
said election, and while some of said ballots may have
been cast for contestee on other than a printed ballot,

he avers that said ballots were legal and can be counted."

Thereafter the contestee, by formal petition, showed to the judge of probate the charges preferred against him in the answer, and moved the judge to certify his incompetency by reason thereof to the proper authority, in order that a special judge might be appointed for the trial of the contest. Upon the refusal of the judge of probate to so certify, contestant, Bryce, applied to the judge of the Eighth circuit for a writ of mandamus. Demurrer having been sustained to the petition for mandamus, and the petitioner failing to amend, the petition was dismissed. This appeal followed.

Questions as to what interest will disqualify a judge have been brought to this court not infrequently. We need refer to only a few of the cases of recent date. In *Ex parte State Bar Association*, 92 Ala. 118, 8 South. 770, this language was used: "The interest which will disqualify must be a pecuniary one, or one affecting the individual rights of the judge." If this language is to be construed as limiting the disqualifying interest to a pecuniary one, as apparently the appellee would have it, it was so limited for the purposes of that case, and for the obvious reason that the sole question there propounded for decision was whether the judge's membership in the State Bar Association, which had instituted a proceeding for the disbarment of an attorney, and which would become liable for the costs of the proceeding, should it be determined adversely to the association, involved him in pecuniary personal liability. In *Fulton v. Longshore*, 156 Ala. 611, 46 South. 989, 19 L. R. A. (N. S.) 602, it was said, in consonance with the authorities generally, that the interest which will disqualify must be personal to the judge; but it was

also said that the disqualifying interest need not be a pecuniary one. To the same effect is *Medlin v. Taylor,* 101 Ala. 239, 13 South. 310. In *Ex parte Cornwell,* 144 Ala. 497, 39 South. 354, the ruling was that the grounds of disqualification set down in the statute, section 4626 of the Code of 1907, are not exclusive, but that any interest, the probable and natural tendency of which is to create a bias in the mind of the judge for or against a party to the suit, is sufficient to disqualify, thus preserving the rule of the common law which held the doctrine that no judge ought to act where, from interest or any other cause, he is supposed to be partial to one of the suitors.—*Smith v. Pitts,* 139 Ala. 152, 36 South. 20.

We have only to apply the principle of these cases to the facts alleged in the petition for mandamus and admitted by the demurrer. Petitioner's election to office was being contested. In the same election the judge before whom the contest was to be tried had been a candidate for re-election, and had been re-elected. By his answer to the contest petitioner had averred that the judge had fraudulently conspired with petitioner's competitor for public favor to prevent a free and fair exercise of the elective franchise, and as a part of the scheme had willfully failed or refused to discharge a duty placed upon him by the statute. We think we need not inquire how effectual to change the result of the election the official wrongdoing attributed by petitioner to the judge may have been. If the contestee's formal reply to the contest, renewed under oath in this petition for mandamus, be true, the facts alleged were calculated to corrupt the result of the election. The statute provides that the election of any person declared elected to any office which is filled by the vote of a single county may be contested on account of the re-

ceipt of illegal votes, the rejection of legal votes, or any malconduct calculated to prevent a fair, free, and full exercise of the elective franchise.—Code 1907, § 455. The ballots shall contain the names of all candidates nominated.—Code, §§ 372, 373. There shall be provided for each voting place at least 100 ballots for each 50 registered electors at that place.—Code, § 394. In all elections the voting shall be by official ballot printed and distributed as provided by law, and no ballot shall be received or counted, except it be provided as prescribed by law.—Code, § 389. We will not say at this time whether under any circumstances a ballot prepared by the voter may be used in case no official ballot is furnished. It is enough to say that the validity of every such ballot is greatly beclouded, and that a failure to provide legal ballots has a tendency to prevent a fair, free, and full exercise of the elective franchise, and, either alone or in conjunction with other causes, may have that effect. The issue presented by those parts of the contest and the answer thereto which have been quoted above was, therefore, a material issue. Proof of the facts averred in the answer would expose the judge to public censure, and involve him in the commission of an indictable and impeachable breach of official duty. The interest for which he may be recused flows, not from the fact that he was a candidate at the election, for his own election is not questioned, but from the fact that now he must sit in judgment upon the motive and effect of his own alleged aberration from the course of official duty. It would not ordinarily be expected that a judge who had entered into a fraudulent combination to defeat a fair expression of the popular will, by a scheme which, if effectual at all, must have affected the case of all candidates voted for, though he be indiffer-

ent to its effect upon the issue as between candidates for other offices, should listen with impartiality to the testimony of witnesses tending to prove his own misconduct. Out of the issues proposed for adjudication in the contest, it would seem entirely reasonable, if not necessary, to infer that the judge will have an interest which will render him partial to the contention of one party or the other, for so mere men have been made.

Objection is taken to the petition as being deficient in specific averment of fraud. In the way of defining this objection it is said that the petition does not show how a failure to send a sufficient number of ballots to precinct 12 could or did injure appellant any more than his opponent for the office of sheriff. We have quoted the allegations of the contest and of the answer thereto. We think it has been shown that those allegations are sufficient to show the duty of the judge of probate, on ·proper showing and request, to decline to sit in the trial of the contest.

In *Longshore v. State, ex rel Turner*, 137 Ala. 636, 34 South. 684, petitioner sought a writ of mandamus to compel the commissioners' court to issue bonds of the county for the purpose of providing funds for the erection of a courthouse, as it was alleged they were required by law to do. That was a case of an alleged duty of a purely public nature, wherein no individual right or duty was concerned, and where no right or duty to demand performance devolved upon any person. It was, therefore, a case in which the right to the writ did not depend upon a previous demand.—*Moseley v .Collins*, 133 Ala. 326, 32 South. 131. The petition prayed for an alternative writ of mandamus, commanding defendants to issue the bonds or to show cause why they should not be required to do so. The writ issued, commanding the respondent to show cause why they had not issued the

[Bryce v. Burke, Probate Judge.]

bonds, "as if," to quote the language of the opinion, "the purpose and end of the proceeding was to punish them for past pretermission of duty, and not to force them to discharge of duty in the future." The court held the writ issued to be altogether bad, and that it should have been quashed on the motion made by the respondents. In the case at bar it was, of course, the duty of the judge to recuse himself, if he had been guilty of the conduct attributed to him in the petitioner's answer to the contest filed against him. But there is no presumption that the judge was guilty, or that, if he was, he would ex mero acknowledge the fact. It was therefore necessary that the alleged ground of disqualification be brought to his attention, with a demand for his recusation. And upon a statement of the facts in a petition for a writ of mandamus, followed by confession or proof of them, a peremptory writ of mandamus properly issues.

In the case at bar the petition states grounds of the judge's incompetency along with his refusal on formal demand to acknowledge them by recusing himself, and prays that a writ of mandamus or other appropriate writ be issued commanding him forthwith to certify his incompetency. Thereupon a writ issued commanding the defendant to show cause why the writ of mandamus should not issue as prayed. In our practice a rule to show cause is treated as a substantial equivalent for the more formal alternative writ, and where the petition shows a prima facie right it has been held proper to issue a rule nisi. The petition would perhaps have been in better form if it had specifically prayed for either an alternative writ or a rule nisi, instead of a "writ of mandamus or other appropriate writ." But the identical practice here followed has been approved by this court. The rule nisi serves the purposes of jus-

tice as well as would the more formal pleading contended for, and we see no sufficient reason for holding the precedent bad.—*Speed v. Cocke,* 57 Ala. 209.

Some other objections, taken to the form of the petition, are mentioned in the brief in a manner that seems to be almost perfunctory. While we have endeavored to reach the merits of the case, we have considered these technical objections, and have found in them no sufficient reason why the demurrer to the petition should have been sustained.

We mean, of course, to say nothing whatever in respect to the truth of the grounds of disqualification alleged against the judge of probate. The question has been raised by ruling on demurrer to the petition. The demurrer admits, for the purpose of pleading, the facts alleged, and so we have treated them as admitted.

It is our opinion that on the facts shown in the petition the petitioner would be entitled to a writ commanding the judge of probate to certify his disqualification, and hence that there was error in sustaining the demurrer.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.

## On Rehearing.

SAYRE, J.—Counsel complain that some points made for the appellee on the original submission have not been considered as elaborately as was proper. We consider our duty done when we state our conclusions in respect to issues seriously presented, and our reasons for them. The application for rehearing has had consideration, and in response we think it best, perhaps, to further notice one question. Appellee's twentieth

ground. of demurrer to the petition was that: "It fails to make the state of Alabama a party relator in said proceeding." The argument was: "The twentieth ground of demurrer should have been sustained." The citation of authority was: "13 Encyc. Plead. & Prac. 668; 26 Cyc. 473, and note 74." These citations show some differences in the practice in other states. They contain no reference to the practice in Alabama. Our understanding is that the practice in this case followed that approved in *Speed v. Cocke,* 57 Ala. 209, which we cited and followed, and numerous other cases decided in this court. It is certain that this court has in many cases issued peremptory writs on a mere motion in cases where the party entitled to relief could take nothing by an appeal. In *Leigh v. State ex rel. O'Bannon,* 69 Ala. 261, Judge Stone said: "Mandamus was originally a prerogative writ, issuing out of the Court of King's Bench in England, and, by construction, it was a command from the King himself, who was constructively present in that court. It issued alone from that court, for that court alone represented the ideal presence of the sovereignty.—3 Bl. Com. 110. In this country it can scarcely be called a prerogative writ. It is strictly a civil proceeding, and may be called a supplementary remedy, when the party has a clear right, and no other appropriate redress, to prevent a failure of justice." There is no doubt that, where the writ is sued out to require the performance of a definite duty to the public, the proceeding must proceed in the name of the state as plaintiff. Such was the case in *Longshore v. State,* 137 Ala. 636, 34 South. 684, and *Northern Pacific Railroad Co. v. Washington,* 142 U. S. 492, 12 Sup. Ct. 283, 35 L. Ed. 1092, to which counsel has referred in his brief on rehearing. But in *Fulton v. Longshore,* 156 Ala. 611, 46 South. 989, 19 L. R.

[Bryce v. Burke, Probate Judge.]

A. (N. S.) 602, in which the plaintiff sought a writ of mandamus to compel the judge of probate to certify his incompetency to try and determine a contested election case, an inspection of the transcript of the record shows that the identical procedure adopted in the case at bar was followed without eliciting comment from the court or able and careful counsel  In all cases where the formal proceeding by alternative writ is adopted, in which the writ becomes the first pleading, and issues of course in the name of the state, it is proper to entitle the proceeding as if the state were a party.  But, in cases where the enforcement of private rights is sought, the state is nothing more than a nominal party to the contention between the real parties, and the use of its name in an application for the writ is effectual only to incumber the record with superfluous verbiage.  And it has been on these considerations, no doubt, that the practice of instituting the proceeding by a motion for a rule nisi, stripped of all useless form and language, has been approved in this state.  We think the position perfectly sound that such a proceeding may be conducted in the name of the party aggrieved who is the real party in interest.  We supposed this position had been made sufficiently plain by our reference to the case of *Speed v. Cocke*.  At any rate, there need be no further doubt about our opinion on the question raised.

In the application other points have been further elaborated.  In respect to them we are satisfied, after consideration, to. let the opinion stand.

Application overruled.