# McConnell *v.* Goodwin, Judge.

## *Mandamus to Recuse.*

(Decided November 7, 1914.   66 South. 675.)

1. *Mandamus; Issuance; Vacation; Validity.*—A writ of mandamus and incidental prohibition is peremptory in character and void when issued in vacation, and is properly quashed, and the fiat under which the writ was issued by the clerk was void for the same reason.

2. *Same; Disqualification of Judge.*—Where a judge is incompetent to try a cause pending before him, either on statutory or common law ground, mandamus is the proper remedy to compel him to certify his incompetency, as a preliminary to the selection of a qualified judge in his stead.

3. *Constitutional Law; Delegation of Judicial Power; Fiat.*—A fiat to the circuit clerk directing him to issue mandamus "or other remedial writ" requiring a judge of probate to certify his disqualification, was bad in that it left the selection of the appropriate writ to the discretion of the clerk, which was the delegation of a judicial authority that could not be so delegated.

4. *Judges; Disqualification; Statutes.*—In view of the provisions of section 3860, Code 1907, and of Local Acts 1911, p. 240, a probate judge is not disqualified, in a proceeding in his court by the road supervisor in the name of the county to establish a public road, because as a member thereof, he advises and consents to the proceeding; it being unreasonable to suppose the existence of disqualifying prejudice therefrom, the result not even remotely or contingently affecting his personal or pecuniary interest.

5. *Same; Reviewing on Acts.*—In the absence of a statute to the contrary a judge is not disqualified to review his own judicial acts.

6. *Same; Statutes.*—Section 5423, Code 1907, has no bearing on the disqualification of a probate judge in a county road condemnation proceeding, where it does not appear that there were any such instruments to be heard or determined by him.

7. *Same; Relation to Parties.*—Where the proceedings were by a road supervisor in the name of a county to condemn land for the establishment of a public road, the fact that near relatives of the probate judge were promoting its establishment by contributions, did not render such judge incompetent to conduct such proceedings since such persons were not parties to the record or parties in any legal sense in interest, they having only that general and remote interest which pertains to the public generally.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

[McConnell v. Goodwin, Judge.]

Petition by D. E. McConnell against E. P. Goodwin, as Judge of Probate to recuse himself in a proceeding to establish a public road. From a judgment denying the petition, petitioner appeals. Affirmed.

The petition showed that a proceeding was pending in the probate court of Fayette county, filed by the road supervisor in the name of the county, for the establishment of a public road. The petition charged that appellee, as probate judge of Fayette county, was not competent to sit as judge of said proceedings, because, first, he was a member of the road commission, and shared in the initiation of that proceeding; and, second, because several of his first cousins were interested in the opening of the road, and had made contributions thereto. The prayer of the petition was for "the appropriate writ of mandamus, or other appropriate writ, requiring and compelling Hon. E. P. Goodwin, judge of probate, to certify his disqualification and incompetency under the statute and common law of the State of Alabama, to try, hear, and determine the said proceedings, and prohibiting him from proceeding further with the consideration thereof, unless otherwise ordered by your honorable court." The petition was addressed to the judge of the Sixth judicial circuit and was presented to the judge of the law and equity court of Walker county in vacation, who issued a fiat to the circuit clerk of Fayette county, directing him to issue a writ of mandamus or other remedial writ, returnable to the circuit court of Fayette county, Ala., as prayed in said petition. Pursuant thereto, the said circuit clerk issued a peremptory writ commanding the respondent, Goodwin, to certify the fact of his incompetency, and prohibiting him from further proceeding in such cause, unless otherwise ordered by the circuit court of Fayette county. On motion of respondent, made in

the circuit court, the writ was quashed, the fiat vacated, and the petition dismissed, to which petitioner severally excepted.

GUNN & POWELL, and J. M. HOLLIMAN, for appellant.

RAY & COONER, and McNEIL & MONROE, for appellee.

SOMERVILLE, J.—The writ of mandamus and incidental prohibition, being peremptory in character and issued in vacation, was void, and properly quashed. —*Ex parte Ray,* 45 Ala. 15; *Ex parte Boothe,* 64 Ala. 312-319. The fiat under which the writ was issued was void for the same reason, and was bad also, in that it left the selection of the "appropriate writ" . to the discretion of the circuit clerk, a judicial authority which could not be thus delegated.

It remains only to determine whether the court properly refused to issue a new writ and properly dismissed the petition. Where a judge is incompetent, whether on statutory or common-law grounds, to try a cause pending before him, mandamus is the proper remedy to compel him to certify his incompetency, as a preliminary to the selection of a qualified judge in his stead.—*State ex rel, Smith v. Pitts,* 139 Ala. 152, 36 South. 20; *Bryce v. Burke,* 172 Ala. 219, 55 South. 635.

We are of the opinion that a probate judge is not disqualified for the trial of a cause in which the county, of which he is judge, is a party litigant. As said in *Ex parte State Bar Ass'n,* 92 Ala. 112, 118, 8 South. 768, 770, "the interest which will disqualify must be a pecuniary one, or one affecting the individual rights of the judge. The statute—section 3680, Code 1907—expressly gives jurisdiction to the probate court in pro-

ceedings by the county for condemning land to public uses; and this jurisdiction is deliberately conferred in full view of the fact that the probate judge is by law an ex officio member of the court of county commissioners, by whose authority alone such proceedings can be initiated under the general statutes.

Under the local act regulating public roads in Fayette county (Local Sess. Acts 1911, p. 240), jurisdiction thereof is vested in a road commission, of which the probate judge is ex officio a member, and also its clerk. It is argued for the appellant that, since as such member he advises upon and consents to the proceeding by the supervisor, he is in effect reviewing his own previous action; but we think this argument is without substantial merit, for it would be wholly unreasonable to suppose the existence of disqualifying prejudice on the part of the judge merely because of his previous official assent to the proceeding.—*Fulton v. Longshore*, 156 Ala. 611, 46 South. 989, 19 L. R. A. (N. S.) 602. The result of this proceeeding does not even remotely or contingently affect any interest that is personal to the judge of probate. This was evidently the view of the lawmakers, and the vesting of jurisdiction in the probate court to try the proceeding was of course within the power of the Legislature.

Moreover, in the absence of a statute to the contrary, a judge is not disqualified for reviewing his own former judicial acts.—7 Cyc. 588, and cases cited.

It is also suggested that, since as *clerk* of the road commission the probate judge may have aided in the preparation of "papers, documents or instruments" relating thereto, he is rendered incompetent by the provisions of section 5423 of the Code. The answer to this contention is that it does not appear that there are any such writings as to which a controversy is to be heard

[McConnell v. Goodwin, Judge.]

or determined by the judge, and, further, the statute expressly excepts from the inhibition any instrumeent "which by law is required to be prepared by such judge." Obviously, this statute has no bearing on the case.

In this proceeding the only party plaintiff is the county, and no individual other than the defendant has any *direct* interest in the result. The fact that near relatives of the probate judge are promoting the establishment and construction of the road by contributions of land and labor does not render him incompetent to conduct the proceeding. They are not parties to the record, nor are they parties in interest in any legal sense. Their interest is but general and remote, and such as pertains to the general public, who may be expected to use the road as a highway.—See *Sauls v. Freeman,* 24 Fla. 209, 4 South. 525, 12 Am. St. Rep. 190, and *Foreman v. Marianna,* 43 Ark. 324.

Our conclusion is that the petition exhibited no sufficient ground for the issuance of the writ prayed for, and that it was properly dismissed. The judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.