33 So.2d 239

**STATE ex rel. BURNS et al. v. PHILLIPS.**

2 Div. 244.

Supreme Court of Alabama.
Dec. 18, 1947.

Rehearing Denied Jan. 22, 1948.

Granade & Granade, of Chatom, for appellants.

J. Massey Edgar, of Butler, for appellee.

FOSTER, Justice.

This is an appeal from **a** judgment of the circuit court denying a petition for mandamus to the probate judge of the county, and dismissing it.

This ruling was on a petition to require the judge of probate to rescue himself in a condemnation proceeding by the county on account of his bias and interest as a member of the commissioners' court, which ordered the proceeding.

The trial court stated that the judge had already acted on the condemnation petition at the time the petition for mandamus was filed in the circuit court. That court denied relief and dismissed the petition because the matter had become moot before the petition in that court was filed and therefore before it was heard.

The facts recited in the petition for mandamus material to be stated on the question on which the judge acted are: that Choctaw County filed in the probate court of that county on June 27, 1947, a petition to condemn certain lands for public use as a public road in that county; that Hunter Phillips is the judge of probate and also the presiding judge of the court of county commissioners of said county, and on account of matters therein alleged was disqualified to preside in the condemnation proceeding on account of his interest as presiding judge of the county commissioners, and on account of personal bias manifested by certain circumstances set out in the petition. That said proceeding was set on July 14, 1947 for hearing; that on the hearing petitioners in this proceeding filed a petition with the probate court asking Hunter Phillips to recuse himself from said trial on account of his

bias and interest, and offered so prove the facts so alleged; that the said probate judge refused to go into the matter, refused to hear the same, announcing that he considered himself not disqualified but qualified. That court thereupon on said day, July 14, 1947, made an order, at about 2 o'clock p. m., ordering the land condemned, and appointed commissioners who had been previously selected by him and were present in court, and instructed them to go forth instanter to fix a valuation on said property and report before the end of the day. The commissioners refused the request of petitioners for a hearing and evidence, saying they were instructed to report that day; and that petitioners did not have an opportunity to present their testimony before the commissioners. The petition sets out copies of the proceedings before the probate court referred to, also an objection of Choctaw County to the judge recusing himself on the grounds alleged in the motion. The court "allowed" the objection, and overruled the motion to recuse himself.

■ The order of the circuit judge denying the mandamus and dismissing the petition recited that: "It is the opinion of the court that the petition in this cause shows that the judge of probate has already acted in the condemnation in this proceeding, the appraisers have made their report and the land has been condemned. The questions raised on this petition have already been acted upon and there is nothing further for this court to do." But the petition for mandamus and the proceeding attached to it and other matters set out in the record do not show whether the commissioners had made a report or that the probate judge made an order of condemnation after the commissioners made their report, all as provided in section 16, Title 19, Code. The petition does allege that the court ordered the land condemned, and immediately called the commissioners and qualified and instructed them. But that was evidently but granting the petition as provided in section 7, Title 19, Code. The land could not be condemned until a report was made under section 16, supra. From that preliminary order an appeal will not lie to the Supreme or Circuit Court,

but it is triable de novo in the Circuit Court on appeal from the final order of condemnation made under section 16, supra. Section 17, Title 19, Code; Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305; Denson v. Board of Trustees of University of Alabama, 247 Ala. 257, 23 So.2d 714.

■ The appropriate remedy when the probate judge grants the petition and appoints commissioners and overrules a motion to recuse himself is to apply for mandamus before the judge acts under section 16, Title 19, Code. Fulton v. Longshore, 156 Ala. 611, 46 So. 989, 19 L.R.A.,N.S., 602; Crook v. Newborg, 124 Ala. 479, 27 So. 432, 82 Am.St.Rep. 190; McConnell v. Goodwin, 189 Ala. 390, 66 So. 675, Ann. Cas.1917A, 839; Ex parte State Bar Ass'n, 92 Ala. 113, 8 So. 768, 12 L.R.A. 134; Medlin v. Taylor, 101 Ala. 239, 13 So. 310; State ex rel. Smith v. Pitts, 139 Ala. 1, 2, 36 So. 20; Bryce v. Burke, 172 Ala. 219, 55 So. 635; Blach & Son v. Hawkins, 238 Ala. 172, 189 So. 726.

■ After a cause has been heard and determined by a disqualified judge, mandamus cannot be issued to him commanding him not to do what he has already done. Reeves v. State, 145 Ala. 510, 41 So. 927; State ex rel. Case v. Lyons, 143 Ala. 649, 39 So. 214; Ex parte City of Mobile, 155 Ala. 226, 46 So. 766; Agee v. Cate, 180 Ala. 522, 61 So. 900; Ex parte McFry, 219 Ala. 492, 122 So. 641; 34 Amer.Jur. 831, section 37.

An appeal would lie under section 17, supra, on which the cause would be tried de novo, but the disqualification of the probate judge would not be involved on such trial.

We cannot treat the petition for mandamus as appropriate except upon the theory that it was filed in the circuit court before the probate court made an order of condemnation, under section 16, Title 19, Code. According to the allegations of the petition it may have been before or after the final order was made. The statement by the trial judge that it was after such order is not here challenged by appellant.

The argument of appellant is that we should hold that the petition for mandamus

shows a prima facie right and should not be dismissed without hearing; and, further, that if the judge was disqualified, the judgment which he rendered is void.

But if the petition for mandamus was filed after the order of the condemnation was made under section 16, supra, the trial judge correctly dismissed it as being moot, although it may be otherwise sufficient.

 This Court has uniformly held since an early date, and under the present status of section 6, Title 13, Code, that the judgment is not void on account of such disqualification, but voidable on direct attack as by appeal or by seasonable motion to set it aside. Hine v. Hussey, 45 Ala. 496; Hayes v. Collier, 47 Ala. 726; Plowman v. Henderson, 59 Ala. 559; Trawick's Heirs v. Trawick's Adm'rs, 67 Ala. 271; Koger v. Franklin, 79 Ala. 505; Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 581, 17 So. 112; Hutto v. Walker County, 185 Ala. 505, 511, 64 So. 313, Ann.Cas. 1916B, 372; Gulf States Steel Co. **v.** Christison, 228 Ala. 622, 154 So. 565.

The rule declared as to that situation is that after the term at which the condemnation decree was rendered has expired, that court has no jurisdiction to vacate the decree since it is only voidable. Trawick's Heirs v. Trawick's Adm'rs, supra; Hayes v. Collier, supra.

We have no occasion to determine whether certiorari from the circuit court would be available. See State ex rel. Garrow v. Grayson, 220 Ala. 12, 123 So. 573 (4); St. John v. Richter, 167 Ala. 656, 52 So. 465; Commissioner's Court of Blount County v. Johnson, 145 Ala. 553, 39 So. 910; Commissioners' Court of Lowndes County v. Hearne, 59 Ala. 371.

For here we have only a petition for mandamus to the probate judge, filed and presented after the judge had apparently completed all judicial action. So that we are not concerned with the question of whether the allegations of bias made in the petition are sufficient to disqualify a judge on common law grounds as emphasized in the cases of Gill v. State, 61 Ala. 169, 171; Medlin v. Taylor, 101 Ala. 239, 13 So. 310; Crook v. Newborg, supra; Ex parte Cornwell, 144 Ala. 497,

39 So. 354; Woodmen of the World v. Alford, 206 Ala. 18, 89 So. 528; Miller v. Aldridge, 212 Ala. 660, 103 So. 835, 39 A. L.R. 1470; State ex rel. Smith v. Pitts, 139 Ala. 152, 36 So. 20; Fulton v. Longshore, 156 Ala. 611, 46 So. 989, 19 L.R.A., N.S., 602; McConnell v. Goodwin, 189 Ala. 390, 66 So. 675, Ann.Cas.1917A, 839; Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582 (17 and 18); 48 C.J.S., Judges, §§ 82, 89.

For the reasons stated, we agree with the trial court that the petition for mandamus came too late, and therefore cannot be used as the appropriate remedy to redress appellant's alleged wrongs.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.