This case involves a question whether a review of a ruling on a motion for recusal must be sought before trial or whether it can be raised on direct appeal after trial. The majority, agreeing with the defendant, holds that "[t]o allow the recusal issue to be raised either on appeal, after having been properly preserved at trial, or in a petition for a writ of mandamus, will best serve the interests of justice." 686 So.2d at 198. This holding, in my opinion, is contrary to what this Court has previously held, i.e., that the proper method for raising the question of recusal of a trial judge is by petition for the writ of mandamus. Consequently, I must disagree with the majority's statements about the law that is applicable.
In Ex parte Balogun, 516 So.2d 606, 608 (Ala. 1987), this Court said the following:
 "This Court has long held that mandamus, not appeal, is the proper remedy if a judge refuses to recuse himself. Crook v. Newberg Son, 124 Ala. 479, 484, 27 So. 432 (1899), citing Ex Parte State Bar Ass'n, 92 Ala. 113, 8 So. 768 (1890). See Fulton v. Longshore, 156 Ala. 611, 46 So. 989
(1908)."
(Emphasis added.) In that case, this Court further noted that "[a]t early common law, and prior to the adoption of the Alabama Canons of Judicial Ethics, mandamus was granted to require a judge to recuse himself. . . ." 516 So.2d at 609. Although the Court in Ex parte Balogun did not address what the Court meant by using the word "proper," the common definition of "proper" *Page 199 
is "correct." New Webster's Dictionary (1993). If mandamus isthe correct method, how can appeal be a correct method also? I do not think that it can.
The general rule is "[i]f the facts causing disqualification are known, objection must be made before issue is joined and the trial is commenced, otherwise the accused will be deemed to have waived the objection." Sparks v. State, 450 So.2d 188, 192
(Ala.Crim.App. 1984), citing De Moville v. Merchants Farmers Bank, 237 Ala. 347, 352, 186 So. 704 (1939). In addition, this Court has stated, "A mandamus petition is the proper method to review the trial court's denial of a motion to recuse." Ex parte Cotton, 638 So.2d 870, 872 (Ala. 1994), citing Ex parte Melof, 553 So.2d 554 (Ala. 1989).
I realize, of course, that there have been cases in which the question of recusal has been considered on appeal. Today's holding by the majority would be consistent with those cases.[2] However, in view of the requirement of our new Rules of Criminal Procedure that motions raising nonjurisdictional issues be made in the form of a pre-trial motion[3] and in view of the provisions of Rule 1.2, Ala.R.Crim.P. — that the rules of practice and procedure governing criminal proceedings "are intended to provide for the just and speedy determination of every criminal proceeding" and should "be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare" — I believe the proper method for reviewing a motion to recuse is by mandamus.
The defendant bases his argument upon a line of older cases that suggest that a review of a ruling upon the qualifications of a judicial officer may be made by mandamus or appeal.[4] I believe that the suggestions and holdings of those cases should be considered in view of the fact that the rules of procedure governing today's practice are quite different. I think that under our current practice review by mandamus is the proper
method for reviewing a ruling on a recusal motion.
The defendant moved for recusal before trial. The trial court denied his motion, but he never attempted to get this ruling reviewed before the case was tried. I believe it is clear that he should have sought review by mandamus; consequently, I must respectfully dissent.
[2] See De Moville v. Merchants Farmers Bank, 237 Ala. 347,186 So. 704 (1939); Crumpton v. State, 677 So.2d 814
(Ala.Crim.App. 1995) (court considered the recusal issue on appeal but did not discuss whether appeal or mandamus was the proper remedy).
[3] See, Rule 15.2, Ala.R.Crim.P. The essence of this Rule is that "[a]ll objections, except subject matter jurisdiction . . . and the failure of the indictment, information, or complaint to state a charge, must be raised by a pretrial motion." Maddox,Alabama Rules of Criminal Procedure (2d ed. 1994).
[4] Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582 (1945); DeMoville v. Merchants Farmers Bank, 237 Ala. 347, 186 So. 704
(1939).