## LEHMANN v. STATE BOARD OF PUBLIC AC-
## COUNTANCY ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 170. Motion to dismiss or affirm submitted November 26,
1923.—Decided December 10, 1923.

A state statute authorizing a board to grant certificates of registra-
tion to qualified persons as certified public accountants, and em-
powering it, upon notice and hearing, to cancel any registration
so granted for unprofessional conduct of the certificate holder, but
leaving the individual free to practice accountancy without pro-
curing a certificate and after a certificate granted has been can-
celed, *held*, not violative of the due process clause of the Four-
teenth Amendment or the provision of the Constitution against
*ex post facto* laws, in the case of one who, having obtained such a
certificate, sought to enjoin the board from hearing charges looking
to its revocation, upon the ground that the statute conferred arbi-
trary power by not defining more specifically the cause for revo-
cation and that the board had promulgated no definitive rules.
P. 397.

208 Ala. 185, affirmed.

ERROR to a decree of the Supreme Court of Alabama
affirming a decree which dismissed a bill to enjoin a state
board and its members from hearing charges preferred
against the plaintiff looking to the revocation of his cer-
tificate as a public accountant, and to enjoin the other de-
fendants, who had made the charges, from prosecuting
them. The section of the Alabama statute governing the
proceedings before the board is set forth below.[1]

_____

[1] " That the Alabama State Board of Public Accountancy may re-
voke any certificate issued under this act, or may cancel the regis-
tration of any certificate registered under this act, for any unpro-
fessional conduct of the holder of such certificate, or for other suffi-
cient cause, provided that written notice shall have been mailed to
the holder of such certificate twenty days before any hearing there-
on, stating the cause for such contemplated action and appointing
a day for a full hearing thereon by said board, and provided fur-
ther that no certificate issued under this act shall be revoked until
such hearing shall have been heard." Acts 1919, p. 126, § 7.

*Mr. James J. Mayfield,* for defendants in error, in support of the motion.

*Mr. Erle Pettus,* for plaintiff in error, in opposition to the motion.

Mr. JUSTICE McKENNA delivered the opinion of the. Court.

. By a statute of the State, a board denominated the Board of Public Accountancy was created. The Board has authority to examine applicants for certificates or licenses to practice the business or calling of public accountant and to issue certificates to those whom the Board deems qualified.

The Board is given power to cancel the certificate granted " for any unprofessional conduct of the holder of such certificate, or for other sufficient cause," upon written notice of 20 days and a hearing thereon. The defendants in error, Aldridge, Edson and Rosson, constitute the Board.

Complaint was made against plaintiff in error by the other defendants in error, who are public accountants, a day set for hearing and notice thereof given to plaintiff in error as required by the statute.

He appeared at the time appointed, but subsequently brought this suit praying that the Board and its members be enjoined and restrained from hearing the charges preferred against him, or from making or entering any order revoking or attempting to revoke the certificate issued to him, or from interfering in any way with the practice of his profession as such certified public accountant. It was also prayed that the other defendants in error be enjoined from prosecuting the charges that they had preferred.

A temporary restraining order was issued and an order to show cause why it should not be made permanent.

The bill was dismissed on demurrer for want of equity, and on appeal to the Supreme Court the decree was

affirmed. The Chief Justice of the court then granted this writ of error.

The ground of it, and the reliance here, is, expressed in several ways, that the statute of the State is in conflict with the constitution of the State and also in conflict with the Constitution of the United States, the latter in that the statute deprives plaintiff in error of his property without due process of law, and subjects him to an *ex post facto* law.

The bill is very long. Its important facts are as follows: Plaintiff in error had ". by experience and assiduous attention to his duties built up a large and lucrative business." Upon the appointment of the Board he applied for, and was issued, a certificate, after standing the tests and examinations prescribed, and since that time he has been practicing his profession as a certified public accountant.

The Board has never adopted any code or promulgated any rules or definition of what is or is not professional conduct, or what is sufficient cause for the revocation of a certificate.

He appeared before the Board at the day appointed for the hearing of the charges against him and was informed by the Board that there were no rules in effect to govern or control the hearing, and evidence would be received with some liberality. The hearing was continued until January 26, 1922, and plaintiff in error notified to be back on that day for the purpose of being tried.

It is nowhere averred in the charges against him that anything that he had done was wrongful or unlawful, the only allegation being that the alleged acts complained of were surreptitious.

The acts are enumerated and it is expressly denied that he was guilty of anything wrongful. surreptitious or unlawful.

It is further averred that the Board has prejudged his acts, and that the determination by the Board as to

whether his certificate should be revoked rests wholly within the arbitrary, uncontrolled and unappealable judgment of the Board.

' The unconstitutionality of the act is averred both under the state and federal constitutions.

The contention that the statute and the powers it confers upon the Board and the manner of their exercise are in derogation of the constitution of the State is decisively decided against by the opinion of the Supreme Court of the State and, we may say, that there is persuasion in the reasoning of the court against the contention that the statute is in conflict with the Constitution of the United States. That is, that the statute is in effect an *ex post facto* law or, if enforced against him, will deprive him of his property without due process of law.

The opinion of the court sustained the Board, its powers, and the manner of executing them, but refrained from expressing an opinion of the right or remedy of plaintiff in error. It said, " It is neither necessary nor proper for this court to now decide what remedy, if any, would be available to the appellant [plaintiff in error], if his certificate or license should be improperly or illegally revoked or canceled." In other words, the court declined to anticipate the action of the Board; it decided only that if the State had the power to confer a certificate on the plaintiff in error through the Board, it had the power, through the Board, to take it away or to prescribe the terms and conditions upon which it might be forfeited. And the court further said that the appeal was without equity, since neither the trial court nor it could know in advance of the hearing that the Board would sustain the charge.

The reasoning is conclusive. The procurement of a certificate was deemed of value by plaintiff in error. It was the confirmation of his reputation, giving to it the

sanction of an official investigation and judgment. He knew the condition of its issue, knew that the conduct that secured it was a condition of its retention, that for inconstancy of merit it could be forfeited, and forfeited if it had been improvidently granted or procured by concealment or deception. And necessarily so, or the certificate would be a means of pretense.

Plaintiff in error puts some stress upon the absence of rules by the Board, urging that the statute is in conflict with the Constitution of the United States because it purports to authorize the revocation of a certificate " without defining or determining in advance what grounds or facts or acts shall be sufficient cause for such revocation." Such absence permits, it is asserted, arbitrary action. We cannot yield to that assertion or assume that the Board will be impelled to action by other than a sense of duty or render judgment except upon convincing evidence introduced in a regular way with opportunity of rebuttal. We certainly cannot restrain the Board upon the possibility of contrary action. Official bodies would be of no use as instruments of government if they could be prevented from action by the supposition of wrongful action.

This Court and other courts have decided that a license or certificate may be required of a physician, surgeon, dentist, lawyer or school teacher. *Douglas* v. *Noble,* 261 U. S. 165, has pertinent comment upon the power of the legislature in that regard. The Supreme Court in the present case construed the statute as not so exacting of public accountants. In other words, it was decided that the indicated professions require a license or certificate but that a public accountant requires none. And it was decided that a public accountant gets no right of business from the grant of a certificate; he loses no right of business by its cancellation.

The statute is not, nor are the proceedings before the Board, such as plaintiff in error conceives them. The

cases he cites are, therefore, not pertinent and need no review.[1]

The motion to affirm must be granted.

*So ordered.*

---

[1] *Hill* v. *Wallace,* 259 U. S. 44; *Booth* v. *Illinois,* 184 U. S. 425, 428; *Allgeyer* v. *Louisiana,* 165 U. S. 578; *New York Life Insurance Co.* v. *Dodge,* 246 U. S. 357; *Adams* v. *Tanner,* 244 U. S. 590. Some state cases were cited.