ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

(98 South. 893)

## MILLER v. ALABAMA STATE BOARD OF PUBLIC ACCOUNTANCY et al.
### (3 Div. 600.)

(Supreme Court of Alabama.   Jan. 24, 1924.)

Injunction ⬅83—Board of public accountancy not enjoined from hearing charges against certified accountant.

An injunction to prevent the state board of public accountancy from hearing and passing upon certain charges preferred against a certified public accountant, wherein it is sought to have his license or certificate canceled, will not be granted, notwithstanding averments of the bill tending to show bias or prejudice on part of members of the board.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by H. S. Miller for injunction against the Alabama State Board of Public Accountancy and others. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

Miller & Graham, of Birmingham, for appellant.

An injunction is proper to restrain action under an invalid statute where irreparable injury to complainant will result. 22 Cyc. 884; Matthews v. Murphy, 63 S. W. 785, 23 Ky. Law Rep. 750, 54 L. R. A. 415; Tedrow v. Lewis D. G. Co., 255 U. S. 98, 41 Sup. Ct. 303, 65 L. Ed. 524. Lehmann v. State Board of Pub. Accountancy (dissenting opinion) 208 Ala. 185, 94 South. 94. The members of the board are disqualified to hear the case.

James J. Mayfield, of Montgomery, for appellees.

This case is ruled by Lehmann v. State Board of Public Accountancy, 208 Ala. 185, 94 South. 94. Disqualification of the members of the board would not give equity to the bill. 15 R. C. L. 541.

GARDNER, J. This is an injunction proceeding wherein complainant seeks to prevent the board of public accountancy from hearing and passing upon certain charges preferred against the complainant, wherein it is sought to have complainant's license or certificate as a certified public accountant canceled.

In Lehmann v. Board of Public Accountancy, 208 Ala. 185, 94 South. 94, the court held that a bill for injunction did not lie to prevent the hearing of charges of similar char-

acter, and affirmed the decree of the court below dissolving the temporary injunction and sustaining the demurrer to the bill upon this ground. In its essential phases the instant case is not to be distinguished from the Lehmann Case, and upon that authority the decree of the court below will be affirmed. The Lehmann Case was carried to the Supreme Court of the United States, and there approved. Lehmann v. State Board of Public Accountancy et al., 44 Sup. Ct. 128, 68 L. Ed.

Counsel for appellant direct attention to the fact that in the case now under consideration there are certain charges of activity on the part of members of the board against the complainant so as to show a bias and prejudice, and render them disqualified to serve—a question which it is insisted was not presented in the Lehmann Case.

We are of the opinion, however, that the authorities sustain the view that the averments of the bill concerning these elements of disqualification are insufficient to give the bill equity as one seeking injunctive relief. 15 R. C. L. 541, and authorities cited in note.

It results that the decree appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.