(103 So. 835)

**STATE ex rel. MILLER v. ALDRIDGE et al., State Board of Public Accountancy.**

(3 Div. 697.)

(Supreme Court of Alabama.   March 26, 1925. Rehearing Denied April 30, 1925.)

**1. Mandamus** ⟐163—Averments of petition for mandamus considered admitted on review of order sustaining demurrer.

For purpose of review of order sustaining demurrer to petition for writ of mandamus, averments of petitioner are considered as admitted.

**2. Licenses** ⟐21—Rule of disqualification of judges applicable to board of public accountancy.

Rule of disqualification applicable to judges extends to every tribunal exercising judicial or quasi judicial functions, including state board of public accountancy, on hearing of petition under Code 1923, § 21, to revoke certificate of public accountant.

**3. Judges** ⟐42—Pecuniary interest in result or any interest naturally tending to create bias disqualifies judge.

Slightest pecuniary interest of judge in result of suit or any interest probably and naturally tending to create bias for or against party disqualifies him.

**4. Licenses** ⟐38—Members of state board of accountancy held disqualified to hear petition for revocation of certificate.

Members of state board of public accountancy, who had been active in and contributed funds to further prosecution of charges they were called on to hear on petition to revoke public accountant's certificate, and had stated that, so far as they were concerned, certificate "now stood as revoked," held disqualified, though such activity and contributions occurred before their appointment.

**5. Judges** ⟐49(1)—Rule of disqualification by bias yields only in case of very great necessity.

Rule of disqualification of judge by bias is of paramount importance, and yields only in case of very great necessity to prevent failure of justice, though there is no other tribunal to hear and consider questions.

**6. Licenses** ⟐38—Rule disqualifying members of board of accountancy from hearing petition to revoke certificate applied, though no tribunal left to consider question.

As public is not primarily concerned in revocation of public accountant's certificate, and he may continue practice with or without certificate, rule disqualifying members of state board of public accountancy because of bias against him must be applied, though there will be no tribunal left to hear and consider question; omission of provision for supplying place of members who recuse themselves being remediable by Legislature, and no denial of justice resulting from delay.

**7. Mandamus** ⟐73(1) — Proper remedy to compel members of state board of accountancy to recuse themselves as disqualified to pass on petition for revocation of certificate.

Mandamus held proper remedy to compel members of state board of accountancy to recuse themselves because of disqualification by bias to hear and pass on petition for revocation of public accountant's certificate.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Petition of the State of Alabama, on the relation of H. S. Miller, for writ of manda-

———

mus to Mayer W. Aldridge and others, composing the Alabama State Board of Public Accountancy. From a judgment denying the writ, relator appeals. Reversed, rendered, and remanded.

Miller & Graham and Weatherly, Birch, McEwen & Hickman, all of Birmingham, for appellant.

Mandamus is the proper remedy to compel a biased judge to recuse himself. Ex parte Cornwell, 144 Ala. 497, 39 So. 354; Ex parte State Bar Ass'n, 92 Ala. 113, 8 So. 768; State ex rel. Smith v. Pitts, 139 Ala. 152, 36 So. 20; Medlin v. Taylor, 101 Ala. 239, 13 So. 310; Crook v. Newborg, 124 Ala. 479, 27 So. 432, 82 Am. St. Rep. 190; Med. & Surg. Soc. v. Weatherly, 75 Ala. 248; 12 Am. Cent. Dig. Corporations, § 643; 4 Cent. Dig. (Associations) § 5, Corporations, § 159; 26 Cyc. 338; Walsh v. State, 199 Ala. 123, 74 So. 45, 2 A. L. R. 551; Ex parte Lusk, 82 Ala. 519, 2 So. 140. A judge may not sit in a cause in which he is interested or biased. Moses v. Julian, 45 N. H. 52, 84 Am. Dec. 118; Edwards v. Russell, 21 Wend. (N. Y.) 64; Paddock v. Wells, 2 Barb. Ch. (N. Y.) 333; Steamboat Co. v. Livingston, 3 Cow. 724; Ten Eick v. Simpson, 11 Paige (N. Y.) 179; Claunch v. Castleberry, 23 Ala. 85; Wilson v. Wilson, 36 Ala. 655; Crook v. Newborg, supra; Gill v. State, 61 Ala. 172; Medlin v. Taylor, supra; Freeman on Judgments, § 145. The so-called rule of necessity is unsound and cannot apply. Claunch v. Castleberry, supra; Cooley's Const. Lim. (7th Ed.) 592; Oakley v. Aspinwell, 3 N. Y. 547; Stahl v. Board, 187 Iowa, 1342, 175 N. W. 772, 11 A. L. R. 191.

James J. Mayfield, of Montgomery, for appellees.

Appellant's cause has been concluded. Lehmann v. State, 208 Ala. 185, 94 So. 94; Id., 263 U. S. 394, 44 S. Ct. 128, 68 L. Ed. 354; Miller v. State, 210 Ala. 619, 98 So. 893. Where no provision is made for another to sit, the judge, though interested, must hear and decide the case. 15 R. C. L. 541; Galey v. Board, 174 Ind. 181, 91 N. E. 593, Ann. Cas. 1912C, 1099; 23 Cyc. 581. Mandamus will not lie to control the exercise of discretion. High on Extr. Rem. 174, 43. The acts charged do not disqualify appellees. 45 L. R. A. (N. S.) 519; 121 Cal. 102, 53 P. 434, 41 L. R. A. 762, 66 Am. St. Rep. 22; Ex parte Ala. St. Bar Asso., 92 Ala. 113, 8 So. 768, 12 L. R. A. 134; Fulton v. Longshore, 156 Ala. 611, 46 So. 989, 19 L. R. A. (N. S.) 602; 45 L. R. A. (N. S.) 511; 26 Fla. 77, 7 So. 1, 6 L. R. A. 713, 23 Am. St. Rep. 548; 42 Am. St. Rep. 197.

GARDNER, J. H. S. Miller, appellant, is a certified public accountant; certificate having been issued to him by the Alabama state board of accountancy, as provided by General Acts 1919, p. 124, now to be found in Code of 1923, §§ 16–21.

Petition was filed before said board seeking to have his said certificate revoked. Section 21, supra. His bill seeking injunctive relief restraining the members of the board from hearing and passing upon said petition was held to be without equity. Miller v. Ala. State Board of Public Accountancy, 210 Ala. 619, 98 So. 893. The opinion discloses that the court entertained the view the decision in Lehmann v. State Board of Public Accountancy, 208 Ala. 185, 94 So. 94, subsequently affirmed by the Supreme Court of the United States (Lehmann v. Board of Accountancy, 263 U. S. 394, 44 S. Ct. 128, 68 L. Ed. 354) was controlling and decisive.

[1] At a meeting of said board on April 21, 1924, held at the state capitol, Miller appeared in person and by counsel presenting a petition and motion to the members of the board, praying that each member thereof recuse himself and refuse to participate in the hearing of the petition then pending against him, by reason of disqualification from interest, bias, and prejudice. The grounds of disqualification were set out in detail. One of the members, who was alleged to have been the author of the charges against said Miller, did recuse himself, but the two remaining members, Aldridge and Rosson, declined to do so upon the ground that the reasons stated in the petition or motion were insufficient. Miller then filed his petition in the circuit court of Montgomery county, seeking a writ of mandamus to compel the said two remaining members of the board to recuse themselves. The respondents demurred to the petition, and, their demurrer being sustained, relator declined to plead further, and judgment was rendered dismissing the petition. From this judgment, Miller has prosecuted this appeal, and the ruling of the court on demurrer presents the pivotal question for determination here. For the purpose of this review, therefore, the averments of the petition are to be considered as admitted.

For the sake of brevity, we summarize the grounds of disqualification as follows: That appellees as individuals and also as members of the social organization known as the Alabama Society of Certified Public Accountants, of which they are members, contributed money to the prosecution of the charges against appellant, then pending before the board; that they had been active, personally and professionally, against appellant, and were biased and prejudiced against him; that they had theretofore taken an active part in procuring his expulsion from said Alabama Society of Public Accountants, and which expulsion appellees, sitting as members of the board, without notice to appellant, had determined was sufficient cause for revocation of the certificate; that "one or

more" members of the board had stated that in the hearing of this proceeding against appellant the board would revoke his certificate, irrespective of any proof or defense, and that so far as the board was concerned "such certificate now stood as revoked."

[2, 3] That the rule of disqualification applicable to judges extends also to every tribunal exercising judicial or quasi-judicial functions is established by the decided weight of authority (23 Cyc. 590; Stahl v. Board, 187 Iowa, 1342, 175 N. W. 772, 11 A. L. R. 185), and it is not questioned that the rule so applies to the board of which appellees are members sitting for the purpose of hearing the petition for revocation of appellant's certificate. Nor is it questioned that the revocation of such certificate would deprive appellant of a valuable property right.

"According to the stern morality of the common law, a judge is required to be legally indifferent between the parties. Any, the slightest, pecuniary interest in the result disqualifies." Gill v. State, 61 Ala. 169.

"Any interest, the probable and natural tendency of which is to create a bias in the mind of the judge for or against a party to the suit, is sufficient to disqualify. The judge is human, and human nature at best is weak, and as far as it is possible a perfect equipoise should always be preserved in the administration of justice by the courts. Pecuniary interest in the result of the suit is not the only disqualifying interest." Ex parte Cornwell, 144 Ala. 497, 39 So. 354.

In Medlin v. Taylor, 101 Ala. 239, 13 So. 310, the probate judge, whose qualifications to sit in the cause were under review, was held not to have any disqualifying interest in the result of the case within the provisions of the Constitution or statute. He had, however, a personal interest in the similarity of the contest then being heard and that of his own pending in the circuit court, and the opinion concludes:

"It is the opinion of the court, however, that under the doctrines of the common law, aside from our constitutional and statutory provisions, he had such a personal interest in the questions involved in the contestation of Medlin, in the nature of things, such a bias in favor of one of the parties to the case, as disqualified him to hear and determine the same, and justified his action in declining so to do."

See, also, Bryce v. Burke, 172 Ala. 219, 55 So. 635.

In Moses v. Julian, 45 N. H. 54, 84 Am. Dec. 118, is the following pertinent language:

"'It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit.' This is but the expression of a well-known rule of universal justice everywhere recognized. * * * It is one of the great principles of the common law, for which the people of England had struggled for ages, and which they ultimately succeeded in establishing against the strenuous efforts of a tyran-

nical government. We can have no higher authority than this for denouncing as illegal everything which interferes with the entire impartiality of every legal tribunal."

And, in Castleberry's Case, 23 Ala. 85, this court said:

"The law wisely withholds from every judge all temptations to depart from the strict line of duty, from considerations of interest, by rendering him incompetent to sit in any cause in which he is interested. The maxim is 'Nemo judex in causa propria,' and it is alike founded in common sense, and a just desire to preserve from impurity the fountains of justice."

The authorities abound with expressions to like effect as found in the foregoing quotations, and stress the importance of an adherence to the ancient maxim that "no man is to be judge of his own cause." Cooley's Const. Limit. p. 593.

It is well recognized by all thoughtful minds that nothing shakes the stability of government so much as the people's lack of confidence in the fairness, impartiality, or integrity of the courts of the country, constituting, as they do, one of the very foundation stones upon which our government rests.

[4] The averments of the petition disclose that these appellees have been active in the prosecution of these charges which they are called upon to hear and determine, and have contributed funds to further the prosecution. It may be conceded, as suggested by counsel for appellees, that the petition should be construed as showing their activity and contribution of funds to have occurred prior to their appointment as members of the board, but this would not materially affect the situation. In addition to these averments, it is charged that they are inimical to appellant, both personally and professionally, have prejudged his case, and stated that, so far as they were concerned, his certificate "now stood as revoked." Under these averments appellees are charged with a direct interest in the proceedings against him, and are both prosecutors and judges in the same cause. These averments, for the present purposes, being considered as admitted, we think very clearly place appellees within the influence of the rule of disqualification.

[5] But a question of more difficulty is presented. The act establishing this board and granting to it the power to cancel certificates theretofore issued contains no provision for supplying the place of a member who recuses himself from sitting in such a proceeding on account of being disqualified. If, therefore, appellees are required to so recuse themselves, there will be no tribunal left to hear and consider the question of cancellation of appellant's certificate, and it is insisted that under these circumstances, notwithstanding appellees' disqualifications to sit, the "doctrine of necessity," recogniz-

ed by the authorities, requires that they should hear and determine the cause. 15 R. C. L. p. 541. In the text of this authority is the following:

"It is well established that the rule of disqualification of judges must yield to the demands of necessity, as, for example, in cases where, if applied, it would destroy the only tribunal in which relief could be had."

Cited as in support of the text are the following: Bliss v. Caille Bros. Co., 149 Mich. 601, 113 N. W. 317, 12 Ann. Cas. 513; In re Ryers, 72 N. Y. 1, 28 Am. Rep. 88; Galey v. Montgomery County, 174 Ind. 181, 91 N. E. 593, Ann. Cas. 1912C, 1099; State v. Polley, 34 S. D. 565, 138 N. W. 300, 42 L. R. A. (N. S.) 788.

As opposed to this "doctrine of necessity" rule, counsel for appellant cite Moses v. Julian, 45 N. H. 52, 84 Am. Dec. 114; Oakley's Case, 3 N. Y. 547; Claunch v. Castleberry, 23 Ala. 85; Cooley's Const. Limitations (7th Ed.) pp. 592, 593. Some of the cases cited in support of the text involved questions of ministerial duty, such as Galey v. Montgomery County, supra; while, on the other hand, the question of the application of this doctrine was squarely presented in State v. Polley, supra. As is observed, the authorities are in sharp and irreconcilable conflict.

In this state, in the case of Claunch v. Castleberry, there is a dictum opposed to the statement of the above-cited text, wherein Chief Justice Chilton, the author of the opinion, speaking of this question said:

"It were greatly better, in my opinion, to leave such cases to be provided for by legislative enactment than to make shipwreck of principle to meet them. But, as the case * * * calls for no opinion upon the point involved, * * * it is left by this court an open question."

In Heydenfeldt v. Towns, 27 Ala. 423, there is an expression (a dictum) to the contrary of that in the case of Claunch v. Castleberry, supra, wherein the writer, speaking of the rule of disqualification, said:

"And it is doubtful whether it would extend to a case where no other judge could try and determine the cause."

And in Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 17 So. 112, there are expressions to like effect (also dicta, as that case involves a question of ministerial duty), wherein Chief Justice Brickell used the following language:

"It is apparent cases may occur in which the statutory disqualification must yield, or the necessities of justice, and the paramount constitutional right of the citizen to its administration, without sale, denial, or delay, must be sacrificed."

In the New York case of In re Ryer, supra, the court was careful to confine that particular discussion to the facts as there disclosed, where the interest of the judicial officer was not so direct as that the result must necessarily affect him, or where his interest is minute, and his refusal to act (there being no other tribunal provided) would result in a failure of justice.

It may be gathered from all the authorities that the courts very generally agreed that of course the rule of disqualification is the paramount policy, and is only to yield when the necessity is so great and overwhelming that there may not be an entire failure of justice. The courts have treated the question as presenting a comparison of wrongs, or a choice of two evils. The opposition to the doctrine of necessity insists that it were better the question be delayed until the omission be remedied by legislative enactment. It may be doubtful that in every such case that suggestion would be practicable, as, for instance, the situation presented to the South Dakota court in State v. Polley, supra. The question is one of much delicacy and difficulty of determination. As to the regularly constituted judicial officers, there does not appear any occasion will arise for the application of such doctrine, as there exist constitutional and statutory provisions to meet the situation in event of disqualification of the judge. We may be pardoned for suggesting to the lawmaking body the enactment of a general statute applicable in such cases of disqualifications to members of boards such as here under review, when in the exercise of quasi judicial functions. We leave the question still an open one in this state, as the exigencies of this case do not require that we go further than to hold the "doctrine of necessity" is not here applicable, and that the rule of disqualification is to be applied.

[6] The policy of the rule of disqualification is of paramount importance, and if it is to yield in any case it is only when there exists therefor a very great necessity to prevent a failure of justice. Such a situation is not, in our opinion, here presented. To the appellant a fair and impartial hearing of the petition for cancellation of his certificate is shown to be of very great importance. Upon it hinges the deprivation, vel non, of a valuable property right, and some of the charges involve matters of personal reflection upon his character.

The act creating the board is of recent origin, having been enacted in the year 1919. The public is not primarily concerned. With or without the certificate, appellant may still continue the practice of his profession. From the delay there will therefore be no denial of justice. Clearly, no great necessity is shown for a speedy determination. The omission may readily be remedied by the

Legislature. It has been suggested by counsel for appellant, with some force, that, if a speedy trial is of so great importance, the present members may remedy the situation by resigning that others not disqualified may hear the cause, especially in view of the fact that the position is not a salaried one. Indeed, this suggestion was given favorable consideration by the Iowa court in Stahl v. Board, 187 Iowa, 1342, 175 N. W. 772,.11 A. L. R. 185. The suggestion was by way of argument only, of course, to demonstrate a lack of necessity that the rule of disqualification be made to yield. But, without further discussion, we announce the conclusion that, if the rule of disqualification is to yield in any event, no such necessity is here presented for the establishment of what is termed the "doctrine of necessity," and that the demurrer was improperly sustained.

[7] There was no decision on the question when the injunction cause was before this court. Miller v. Ala. St. Board, 210 Ala. 619, 98 So. 893. As previously stated, the court considered the ruling in the Lehmann Case, supra, as conclusive against injunctive relief. The Supreme Court in the Lehmann Case, 263 U. S. 394, 44 S. Ct. 128, 68 L. Ed. 354, had said:

"We cannot * * * assume that the board will be impelled to action by other than a sense of duty or render judgment, except upon convincing evidence introduced in a regular way, with opportunity of rebuttal."

This court considered this language fully applicable to the case then before it. While the opinion cites in 'conclusion 15 R. C. L. 544, hereinabove noted, the writer was careful to confine the application thereof to the question of injunctive relief. It was not necessary to a decision of that case that the citation be made, and no review of the authorities deemed essential. The trial court doubtless was influenced by this citation in reaching his conclusion in the instant case, for all of which the writer assumes responsibility.

The question is now properly presented by appropriate remedy of mandamus (Ex parte State Bar Association, 92 Ala. 113, 8 So. 768; McConnell v. Goodwyn, 189 Ala. 390, 66 So. 675, Ann. Cas. 1917A, 839), and the conclusion reached that the rule of disqualification applies.

It results that the demurrer should, in our opinion, have been overruled. The decree will therefore be here reversed, and one rendered overruling the demurrer. The cause will be remanded to the court below, for further proceedings therein.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.