[Civil No. 4393.   Filed December 1, 1941.]

[119 Pac. (2d) 233.]

E. J. HILKERT, A. W. CRANE, DICKSON FAGER-
BERG, Jr., THOMAS J. ELLIOTT and E. G.
RAWLINS, Members of and Constituting the
Arizona State Board of Accountancy, and JOE
CONWAY, Attorney General of the State of Ari-
zona, Appellants, v. EARL CANNING, Appellee.

Mr. Joe Conway, Attorney General, Mr. Earl Anderson and Mr. E. P. Cline, Assistant Attorneys General, and Mr. Terrence A. Carson and Mr. Thomas J. Elliott, for Appellants.

Messrs. Cunningham & Carson and Mr. E. G. Frazier, for Appellee.

ROSS, J.—In 1933 the legislature passed an act establishing a state board of accountancy and providing for the examination of accountants and their certification, and prescribing the grounds for revocation of certificates. Chap. 45, Laws of 1933; secs. 67–601 to 67–611, Arizona Code 1939. Under the provisions of said act the board issued to appellee, Earl Canning, Certificate No. 39 authorizing him to practice the profession of a certified public accountant and to attach to his reports the initials "C. P. A." Section 67–605 thereof reads:

"The board may revoke any certificate issued under this act if the holder thereof shall be convicted of a felony, or shall be declared by any court of competent jurisdiction to have committed any fraud, or shall be declared by any court of competent jurisdiction or commission to be insane or otherwise incompetent or shall be held by the board to be guilty of any act or default discreditable to the profession; provided that written notice of the cause of such contemplated action and the date of the hearing thereof by the board shall have been mailed to the holder of such certificate at his last known address at least thirty (30) days prior to such hearing. At all such hearings the attorney-general of this state, or one of his assistants designated by him, may sit with the board to act as legal counsel or advisor of the board and to prepare for any legal action that may be determined upon by the board. Any person aggrieved by the decision of said board may, within thirty (30) days after such decision, appeal to the superior court of the county in which the appellant resides. Notice of an appeal from the de-

cision of the board shall be served by leaving with the secretary of the board an attested copy thereof within thirty (30) days after said board has notified him of its decision. Hearing of such appeals shall proceed in accordance with such rules as the court may deter-mine.''

In accordance with this section, the board duly notified appellee that it would hold a hearing to consider whether his certificate should be revoked for ''acts and defaults discreditable to the accounting profession,'' naming such acts and defaults as falsifying an audit of the books of account and records of the State Securities Corporation and Union Reserve Life Insurance Company; and in said notice of hearing appellee was invited, at a time and place therein mentioned, to appear and show cause, if any there be, why his certificate should not be revoked.

The appellee, instead of meeting the charge before the board, instituted this action of injunction against the board and the attorney general and, upon a final hearing thereof, the court issued its order making permanent the temporary injunction theretofore issued. From such order the board and the attorney general have appealed.

The theory upon which appellee acted, in asking that the state board of accountancy and the attorney general be enjoined from holding a hearing on the charges against him, is that the provision of the statute empowering the board to revoke his certificate, if he be found ''guilty of any act or default discreditable to the profession,'' is ''so vague, indefinite and uncertain that it is unconstitutional and void.'' This is the sole and only question to be decided.

It is well settled that within proper limits the legislature may regulate the profession of accountancy in the interests of the general welfare. It is recognized as a highly skilled and very technical profession.

10 Am. Jur. 517, sec. 2. Section 3, Id., makes this statement:

"The power of a statute to grant a license to practice the profession of certified public accountancy carries with it the power to revoke such license, for cause, upon a proper hearing,"

and cites as authority for its statement *Lehmann* v. *State Board of Public Accountancy,* 208 Ala. 185, 94 So. 94, affirmed 263 U. S. 394, 44 Sup. Ct. 128, 68 L. Ed. 354. The Alabama statute considered in that case authorized the board of accountancy to revoke a certificate "for any unprofessional conduct . . . , or for other sufficient cause," on written notice and hearing, etc. (sec. 7 of Acts 1919, p. 124). This case was followed in *Miller* v. *Alabama State Board of Public Accountancy,* 210 Ala. 619, 98 So. 893. Such statute, although questioned as being vague and indefinite, was held to be valid and constitutional.

In our research we have found no statute in the same language as ours. "Unprofessional conduct or other sufficient cause" seems to be the common ground for revocation of certificates in the accountancy acts of other states. See *Wangerin* v. *Wisconsin State Board of Accountancy,* 223 Wis. 179, 270 N. W. 57, 58. Nowhere has such description been held inadequate to the extent of invalidating the law.

"Guilty of any act or default discreditable to the profession" (our section 67–605, *supra*), when analyzed, does inform the certificate holder that his certificate may not be revoked for trivial or frivolous cause, or through caprice merely. The charge must show that he is "guilty," that is, that he is "responsible for delinquency, crime or sin" (Webster). The connotation of the word "guilty" is evil, wrongdoing or culpability and when used in connection with "act or default" it means guilty of a wrong or evil act, or a default in or omission of a contract duty of such a

character and nature as to bring discredit upon the profession of accounting. As one court has pointed out:

" . . . the field of accountancy has become greatly enlarged and much more important than formerly. We now have income tax laws, estate and inheritance tax laws, legislation on the sale of securities—blue sky laws, social security legislation, and unemployment insurance with pay roll taxes, bank legislation, real estate brokers' laws, unfair trade practice acts, besides all of the work done by accountants in the field of rate regulation, insurance practice, public utility rates, sale of securities, largely resting upon the reputation of the accountants who do the accounting, and many other aspects of the matter which make the whole subject of public accountancy a proper field for the exercise of the police power in the interest of the public welfare." *Wangerin* v. *Wisconsin State Board of Accountancy, supra.*

Thus it may readily be seen that omissions or defaults by an accountant may be as great a wrong as if he actively and purposely certified as correct what he knew to be incorrect. "The acts or defaults" pertain to the profession, occur in its practice and constitute a breach of duty or contract on the part of the accountant. The other grounds stated in the statute for revoking a certificate are: Conviction of a felony, a judgment of guilty of fraud, a judgment or finding of insanity or other incompetency—causes that may in no way have originated in the practice of accountancy. Whatever the cause, under the statute the certificate holder must be informed in advance what it is and be given an opportunity to be heard before the board, and, if the board decides against him, he has the right of appeal to the superior court and there, at the discretion of the court as we construe the law, he may be heard *de novo.*

If the statute is valid, and we have no doubt that it is, then, of course, the board of accountancy may

not be enjoined from proceeding to perform its duty. Section 26-104 prohibits the issuance of an injunction "to prevent the execution of a public statute, by officers of the law, for the public benefit." *Corbin* v. *Rodgers*, 53 Ariz. 35, 85 Pac. (2d) 59; *Hislop* v. *Rodgers*, 54 Ariz. 101, 92 Pac. (2d) 527; *Francis* v. *Allen*, 54 Ariz. 377, 96 Pac. (2d) 277, 126 A. L. R. 190; *Lehmann* v. *State Board of Public Accountancy, supra.*

We think the injunction was improvidently issued for another reason. The board of accountancy had not heard the evidence and had not revoked or undertaken to revoke the appellee's certificate. The injunction anticipates an adverse decision by the board, which we think it may not do. Upon a full hearing, the decision of the board may have been favorable to him.

We conclude that the judgment should be reversed and the cause remanded with directions that further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.