In the Matter of Sherrie and Sheila Davis, Children.

## STATE ex rel JUVENILE DEPARTMENT OF GILLIAM COUNTY,
*Respondent,*

*v.*

## DAVIS, et al,
*Appellants.*

(Nos. 77 & 78, CA 16509)

619 P2d 1330

William J. Kuhn, Heppner, argued the cause and filed the brief for appellants.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

PER CURIAM.

THORNTON, J., dissenting opinion.

## PER CURIAM.

Petitioners appeal an order terminating their parental rights in two of their children. We have examined the record on de novo review and conclude the court properly terminated the parental rights of both parents.

The children were made wards of the court and committed to the custody of Children's Services Division for placement in a foster home. The CSD caseworker assigned to the children placed them in the home of the caseworker's parents. The foster parents expressed a desire to adopt the children. The caseworker recognized a potential conflict and requested that she be removed from the case. Her supervisor declined her request. Petitioners argue that there was a conflict of interest that made the caseworker less than enthusiastic in her efforts to reunite the family. Although the conflict in which the caseworker was involved has an appearance of impropriety, the record does not support petitioners' allegation of lack of diligence.

Affirmed.

**THORNTON, J.,** dissenting.

My reason for dissenting from the majority's decision in this case is the patent conflict of interest disclosed by the record.

The caseworker assigned to this case was the daughter of the foster parents. Stated differently, when these children were placed in foster care by Children's Services Division, they were placed in the home of the caseworker's mother and father. Further, the record discloses that these foster parents have an interest in adopting these children if the parental rights of the natural parents are terminated as prayed for in this proceeding. For the supervising caseworker in a termination of parental rights situation to be related by blood to the foster home parents who are interested in adopting the children involved obviously creates the appearance of impropriety, since the caseworker's parents would benefit from the termination. Without impugning the motives of any of the parties involved, it would appear that this should not be permitted.

This court has frequently pointed out that administrative officers who occupy a quasi-judicial or decision-making position should be free of bias in rendering their decisions. In *Boughan v. Board of Engineering Examiners,* 46 Or App 287, 611 P2d 670, *rev den* 289 Or 588 (1980), we said:

"In most jurisdictions, an administrative officer exercising judicial or quasi-judicial power is disqualified or incompetent to sit in a proceeding in which he has a personal or pecuniary interest. *Re Heirich,* 10 Ill 2d 357, 140 NE2d 825, 67 ALR2d 827, *cert den* 355 US 805 (1976); *State ex rel Miller v. Aldridge,* 212 Ala 660, 103 So 835, 39 ALR 1470 (1925); *New Jersey State Board of Optometrists v. Nemitz,* 21 NJ Super 18, 90 A2d 740 (1952); Annotation, License Revocation—Bias, 97 ALR2d 1210." 46 Or App 290-91.

This is the common law rule. *See* 1 Am Jur 2d, Administrative Law 859-61, § 63 (1961); 56 Am Jur 2d, Municipal Corporations, etc. 224, § 172. It has been recognized in cases involving suspension or revocation of licenses, removal of officers, the establishment of drainage districts, eminent domain proceedings and the making of local or special assessments.

In my view a caseworker supervising a case such as this should likewise be free of possible personal or pecuniary interest in the outcome of the proceeding.

In fairness to the caseworker here, she apparently recognized her conflict of interest and sought unsuccessfully to be removed as caseworker in the case. Her request was, however, vetoed by her supervisor.

As we observed in *Campbell v. Bd. of Medical Exam.,* 16 Or App 381, 518 P2d 1042, *rev den* (1974), where disqualification is indicated, the official must disassociate himself to avoid even the appearance of impropriety.

It is my conclusion that this termination proceeding should be remanded for an independent investigation by a caseworker not related to the prospective adoptive parents.