STATE OF NORTH CAROLINA v. RONNIE DALE BREWINGTON

No. 8425SC82

(Filed 20 November 1984)

**Criminal Law § 138— mitigating factor—voluntary acknowledgment of wrong-doing—insufficient evidence**

In sentencing defendant for involuntary manslaughter and driving left of center, the trial court did not err in failing to find as a mitigating factor that defendant voluntarily acknowledged wrongdoing at an early stage of the criminal process where the evidence showed only that defendant indicated to

the investigating officer "that he had been the driver of the black Ford" but failed to show that defendant acknowledged any wrongdoing which contributed to the victim's death, and where defendant pled not guilty at his arraignment and his first admission of guilt came as the result of a plea bargain some four months after the accident. G.S. 15A-1340.4(a)(2)l.

APPEAL by defendant from *Lewis (John B., Jr.), Judge.* Judgment entered 29 September 1983 in Superior Court, CATAWBA County. Heard in the Court of Appeals 26 September 1984.

Defendant was convicted of involuntary manslaughter and driving left of center, violations of G.S. 14-18 and G.S. 20-146 respectively. Defendant was sentenced to a term of imprisonment of six years, three years greater than the applicable presumptive sentence. G.S. 15A-1340.4(f)(6).

On 3 May 1983, defendant, driving a black 1969 Ford automobile, crossed over the center line and collided with an oncoming vehicle driven by 17-year-old Scott Eugene Setzer. Setzer later died of injuries received in that collision. After the accident, defendant remained in the area and was spotted by Trooper Collins of the North Carolina Highway Patrol. Trooper Collins approached defendant and arrested him. Defendant thereafter "indicated to the officer that he had been the driver of the black Ford and that he had been involved previously, shortly before that wreck, in a hit and run accident in Hickory."

On 5 July 1983, defendant was indicted for no fewer than eight related statutory violations. On 25 July 1983, defendant was arraigned and entered a plea of "not guilty" to the offenses charged. On 29 September 1983, however, defendant agreed to plead guilty to the charges of manslaughter and driving left of center in exchange for the dismissal of the remaining charges. No agreement was entered into regarding sentencing.

The trial court accepted the plea and subsequently sentenced defendant to a six-year term of imprisonment. The trial court justified the sentence on the grounds that defendant's prior conviction for uttering false checks constituted an aggravating factor. The court cited no factors in mitigation.

*Attorney General Edmisten, by Robert G. Webb, Assistant Attorney General, for the State.*

*Ann B. Petersen, Assistant Appellate Defender, Office of the Appellate Defender, for defendant appellant.*

VAUGHN, Chief Judge.

The sole issue on appeal concerns defendant's actions subsequent to his arrest at the scene of the accident. Defendant points to statements made to Trooper Collins and contends that he thereby "voluntarily acknowledged wrongdoing" at "an early stage of the criminal process" and that the trial court erred in failing to consider such as a mitigating factor in sentencing. G.S. 15A-1340.4(a)(2)l.

We agree with defendant's statement of the law. For purposes of G.S. 15A-1340.4(a)(2)l, the "criminal process begins with the issuance of a formal written charge against a defendant." *State v. Graham,* 309 N.C. 587, 590, 308 S.E. 2d 311, 314 (1983). A confession made soon after arrest will be deemed to have been made "at an early stage" of the criminal process and *must* be considered by the trial court as a statutory mitigating factor in sentencing. *Graham, supra; State v. Jones,* 309 N.C. 214, 306 S.E. 2d 451 (1983).

Defendant, however, has ignored a fundamental threshold issue. Defendant has failed to show that the trial court ignored "uncontradicted credible evidence" that he acknowledged wrongdoing. *Jones* at 219, 306 S.E. 2d at 455. *See also State v. Melton,* 307 N.C. 370, 373, 298 S.E. 2d 673, 676 (1983) (mitigating factors must be "proved by the preponderance of the evidence"). In this context, an acknowledgment of wrongdoing connotes an admission of culpability, responsibility or remorse. *See, e.g., Hilkert v. Canning,* 58 Ariz. 290, 119 P. 2d 233 (1941). At the very least, the statutory language requires an admission of guilt. *Graham* at 591, 308 S.E. 2d at 315. In the present case, evidence introduced at the sentencing hearing reveals only that defendant "indicated to the officer that he had been the driver of the black Ford . . . ." Defendant did not acknowledge any wrongdoing which contributed to Setzer's death. He did not admit to driving erratically, crossing the center line, or driving while intoxicated. Moreover,

defendant formally pleaded "not guilty" at his arraignment on 25 July 1983. Defendant's only admission of guilt was made pursuant to a plea bargain agreement on 29 September 1983. This plea was entered four months after the accident and far too late in the "criminal process" to constitute a mitigating factor in itself. *See Graham, supra.*

The trial court's omission of defendant's post-arrest statement as a mitigating factor was not improper. Defendant's request for a new sentencing hearing is therefore denied.

No error.

Judges WHICHARD and JOHNSON concur.