MONROE, Judge.
After investigating several complaints regarding Theron Michael Covin, a licensed professional counselor, the Alabama Board of Examiners in Counseling held a disciplinary hearing to determine whether Covin was guilty of the administrative charges against him. The hearing officer found Covin guilty of many of the charges against him and recommended that his license be suspended for six *354 months. The board adopted the hearing officer’s findings of fact and conclusions of law, but it ordered that Covin’s license be suspended for one year.
Covin appealed his suspension to the Montgomery Circuit Court, naming the board and individual board members as defendants. Ultimately, on December 18, 1998, Judge William Gordon determined that because Covin was employed as a counselor by a private, nonprofit corporation, he was specifically excluded from the constraints of § 34-8A-1, et seq., Ala.Code 1975, which deals with the board’s powers and duties involving counselors. See § 34-8A-3(6). Therefore, Judge Gordon held, the board did not have the' authority to discipline Covin.
The board asked the trial court to reconsider and to withdraw its order of December 18, 1998. Judge Tracy McCooey, who had taken Judge Gordon’s place on the Montgomery Circuit Court, held a hearing on the “motion to reconsider,” after which, without an explanation, she entered a summary judgment in favor of the board and its members and against Covin. Covin appeals.
Covin contends that the board did not have jurisdiction over him; therefore, he says, it did not have the authority to discipline him. Section 34-8A-3, Ala.Code 1975, outlines activities that are exempt from Chapter 8A. It provides in pertinent part:
“Nothing in this chapter shall be construed to apply to:
[[Image here]]
“(6) The activities, services, titles and descriptions of persons employed, as professionals or volunteers, in the practice of counseling for public and private nonprofit organizations or charities.”
§ 34-8A-3(6).
The evidence is undisputed that Covin worked as a counselor for the Center for Counseling and Human Development, Inc., which is a private, nonprofit organization. The charges levied against Covin relate to his employment with the Center for Counseling and Human Development. We agree with Judge Gordon that the plain language of the statute exempts Covin from the board’s authority. Therefore, the board did not have jurisdiction over Covin and did not have the authority to discipline him.
We note that Judge McCooey did not vacate the December 18, 1998, judgment entered by Judge Gordon when she entered a summary judgment in favor of the board and its individual members. Furthermore, we recognize that she “inherited” the case from Judge Gordon, who had retired, and that she had not thus had the opportunity to hear this case from the outset. In fact, her first involvement in this case came after the initial judgment had already been entered, when she heard Covin’s “motion to reconsider.”
Nonetheless, we hold that because the board did not have jurisdiction or the authority to suspend Covin’s license, the trial court erred in entering a summary judgment in its favor. The lack of subject-matter jurisdiction may not be waived by the parties, and the issue may be raised at any time, including on appeal. Singleton v. Graham, 716 So.2d 224 (Ala.Civ.App.1998).
The judgment entered in favor of the board and its individual members is reversed, and the cause is remanded for the trial court to reinstate the judgment entered on December 18,1998.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and THOMPSON, JJ., concur.
*355 ROBERTSON, P.J., concurs in result.
CRAWLEY, J., recuses himself.