The Alabama Board of Examiners in Counseling[1] suspended Theron Michael Covin's professional counselor's license; because of that suspension, Covin sued the Board and four of its seven members, in both their official and individual capacities (hereinafter the Board and the individual members are referred to collectively as the *Page 356 
"Board"). The Board moved for a summary judgment; the trial court granted the motion and entered a summary judgment for the Board.
The Court of Civil Appeals reversed the summary judgment, holding that Ala. Code 1975, § 34-8A-3(6), exempts Covin from the Board's authority, and, thus, that the Board does not have subject-matter jurisdiction over him and therefore lacks the authority to discipline him. This Court granted the Board's petition for certiorari review. We reverse and remand.
 I.
The Board received several complaints about Covin, a licensed professional counselor, and brought administrative disciplinary proceedings against him. After conducting a hearing, the disciplinary-hearing officer found Covin guilty of a number of the charges against him and recommended that his license be suspended for six months. The Board adopted the hearing officer's findings of fact and conclusions of law, but ordered that Covin's license be suspended for a full year. Covin filed with the Board a notice of appeal, and, subsequently, filed in the Montgomery Circuit Court a complaint against the Board. Covin's complaint asserts both substantive and procedural challenges to the Board's decision, including a contention that the Board has no authority over his activities because he is a full-time counselor with a private, nonprofit corporation, and, thus, he says, exempted from the Board's discipline by Ala. Code 1975 § 34-8A-3(6). Covin also, pursuant to 42 U.S.C. § 1983, asserts a claim that the Board's actions deprived him of federal constitutional rights.
The Board moved to dismiss Covin's complaint or, in the alternative, for a summary judgment. The trial court granted the motion for a summary judgment, concluding that Covin's proper remedy was to file a petition pursuant to the Alabama Administrative Procedure Act ("AAPA"), and because he had not done that, the trial court had no subject-matter jurisdiction over Covin's complaint. See Ala. Code 1975, § 41-22-20
(providing that a party who has exhausted all administrative remedies and who is aggrieved by an agency's final decision in a contested case may seek judicial review by filing a petition for judicial review in the circuit court). The trial court stated that, if it were to review the Board's decision, it would find that Covin is subject to the Board's jurisdiction.
Covin appealed the trial court's summary judgment to the Court of Civil Appeals, which reversed and remanded. See Covin v. Alabama Board ofExaminers in Counseling, 712 So.2d 1103 (Ala.Civ.App. 1998). The Court of Civil Appeals concluded that the trial court erred in holding that it lacked subject-matter jurisdiction to consider Covin's complaint, because, the Court of Civil Appeals held, Covin's complaint fulfilled the AAPA's requirements for a petition for judicial review, and, thus, properly invoked the trial court's subject-matter jurisdiction. The Court of Civil Appeals also held that Covin was not precluded from raising his § 1983 claims in the same proceeding in which he sought judicial review of the Board's decision.
On remand, the Board again moved to dismiss, or, in the alternative, for a judgment on the pleadings. On December 18, 1998, the trial court denied that motion because, it reasoned, Covin, as a counselor employed by a private, nonprofit corporation, was excluded from the constraints of Ala. Code 1975 § 34-8A-1 et seq.[2] *Page 357 
See § 34-8A-3(6). Thus, the trial court held, the Board had no authority to discipline Covin.
The Board moved the trial court for a "reconsideration" and asked the trial court to withdraw its order. The trial court,[3] after holding a hearing, but without explanation, entered a summary judgment in favor of the Board as to all claims made in Covin's complaint.
Covin again appealed to the Court of Civil Appeals, which reversed and remanded. See Covin v. Alabama Board of Examiners in Counseling,796 So.2d 353 (Ala.Civ.App. 1999). Covin raised two issues on appeal: first, whether the Board has authority over him, and, second, whether the Board and the members are entitled to immunity from suit. The Court of Civil Appeals concluded that the evidence is undisputed that Covin worked as a counselor for the Center for Counseling and Human Development, Inc., a private, nonprofit organization, and that "[t]he charges levied against [him] relate to his employment with the Center for Counseling and Human Development." 796 So.2d at 354. The Court of Civil Appeals held that the plain language of § 34-8A-3(6) exempts Covin from the Board's authority, and, thus, that the Board has no subject-matter jurisdiction over him and therefore lacks the authority to discipline him. The Court of Civil Appeals instructed the trial court to reinstate the December 18, 1998, order, thereby reversing the summary judgment entered by Judge McCooey. This Court granted the Board's petition for certiorari review.
 II.
The Board argues that it did not exceed its statutory authority by suspending Covin's license. The Board maintains that the Court of Civil Appeals failed to consider certain material facts and incorrectly applied the licensure-exemption provision. Section 34-8A-3, Ala. Code 1975, provides in pertinent part:
 "Nothing in this chapter shall be construed to apply to any of the following:
". . . .
 "(6) The activities, services, titles and descriptions of persons employed, as professionals or volunteers, in the practice of counseling for public and private nonprofit organizations or charities."
Specifically, the Board asserts that, even though this provision clearly exempts from the licensure requirement persons who are employed in the practice of counseling for a private, nonprofit organization,[4] the Board was authorized to discipline Covin by suspending his license because he had voluntarily sought and obtained a license from the Board and had thereby subjected himself to the Board's authority and its code of ethics. We agree.
In support of its argument, the Board relies on Lehmann v. State Bd. ofPublic Accountancy, 208 Ala. 185, 186, 94 So. 94, 95 (1922), aff'd,263 U.S. 394 (1923), where this Court stated that "[a] court of equity will not allow the complainant to enjoy the benefits or privileges conferred by [the licensure] statute without also bearing the burdens and inconveniences imposed by it." In Lehmann, a certified public accountant sought to enjoin the State Board of Accountancy from hearing charges against him and from revoking his license. This Court held *Page 358 
that the trial court correctly dissolved a temporary injunction that had been entered against the Board, because the bill contained no equity.208 Ala. at 187, 94 So.2d at 96. This Court reasoned that the bill contained no equity because "obtaining the license . . . is purely voluntary on [the accountant's] part." 208 Ala. at 187,94 So.2d at 96.
This case is analogous to Lehmann. Section 34-8A-3(6) exempts Covin from the licensure requirement, but he voluntarily sought and obtained a license from the Board. Because Covin voluntarily sought and obtained a license from the Board, he subjected himself to the Board's statutory authority. As this Court stated in Lehmann, a licensee may not enjoy the benefits of licensure, yet avoid the burdens that accompany that privilege. Therefore, we hold, the Board did have subject-matter jurisdiction over Covin and therefore did have the authority to discipline him.
 III.
We hold that the Board did not exceed its statutory authority by suspending Covin's license.[5] Accordingly, we reverse the judgment of the Court of Civil Appeals holding that § 34-8A-3(6) exempts Covin from the subject-matter jurisdiction of the Board, and we remand the case for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
COOK, J., concurs in the result.
[1] The Board was created by the Alabama Legislature in 1979, by Act No. 79-423, Ala. Acts 1979, codified at Ala. Code 1975, §34-8A-1 et seq.
[2] The provisions of Ala. Code 1975, § 34-8A-1 et seq., govern the Board's powers and duties relating to counselors.
[3] Judge Tracy McCooey had at this time replaced Judge William Gordon on the Montgomery Circuit Court.
[4] The evidence is undisputed that Covin worked full-time as a counselor for the Center for Counseling and Human Development, Inc., a private, nonprofit organization.
[5] The Board argues that Covin's claims are barred by the doctrine of equitable estoppel. Specifically, it argues that Covin should be estopped from arguing that he is exempt from Ala. Code 1975, §§ 34-8A-1
et seq., because, in applying for his license, he represented that he was engaged in the private practice of counseling. This argument is moot because of this Court's conclusion that the Board did not exceed its statutory authority.
The Board and its individual members also argue that they are immune to Covin's § 1983 claims. Because we conclude that the Board and the individual members did not exceed their statutory authority, we need not address the issue of immunity. We note, however, that the Board and the Board members, to the extent that they are sued in their official capacities, are not subject to suit under § 1983. See Hafer v.Melo, 502 U.S. 21, 25-26 (1991); Wang v. New Hampshire Bd. ofRegistration in Medicine, 55 F.3d 698, 700 (1st Cir. 1995) ("[I]t is well settled `that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action.'" (Citations omitted.)).